MATTER OF DEF——

## In DEPORTATION Proceedings

### A-10547496

*Decided by Board July 7, 1958 and March 10, 1959*
*Decided by Attorney General February 26, 1959*

**Act of September 11, 1957—Availability of waivers under section 5 and second part of section 7 to aliens ineligible for preexamination.**

(1) Aliens within the United States who are ineligible for preexamination cannot be granted advance waivers of inadmissibility under section 5 and the second part of section 7 of the Act of September 11, 1957 while they remain in the United States.

(2) Native and citizen of contiguous territory, to whom preexamination procedures are inapplicable, must depart and apply for waivers at the time she makes application to enter the United States from her home country.

CHARGES:

Order:   Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Has engaged in prostitution.

Lodged:  Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Not in possession of valid visa.

Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excluded and deported; no permission to reapply.

Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Procured visa by willfully misrepresenting material facts.

### BEFORE THE BOARD
(July 7, 1958)

**Discussion:** The Commissioner of Immigration and Naturalization asks that the Board certify its decision in this case to the Attorney General for review.

The respondent, a 25-year-old married female, a native and citizen of Mexico, was admitted to the United States in February 1956. She is married to a United States citizen. She is deportable on the grounds shown above. She is not eligible for suspension of deportation because she lacks the required residence; respondent must leave the United States. She will be barred from returning by the provisions of the Immigration and Nationality Act applying to those who were prostitutes and to those who have secured visas by fraud. However, sections 5 and 7 of Public Law 85-316 approved

September 11, 1957 permit the Attorney General to waive the grounds of inadmissibility. The question is whether the respondent may make the application in the United States and remain here until the application is decided, or whether she must go to Mexico to make it and remain there until it is granted. We have ruled that the respondent may apply while in the United States. The Service would require her to depart from the United States to apply for the waiver. Then she would be required to submit the application for the waiver to the consul abroad and he would forward it to the Service for action (8 CFR 7.1).

Under our ruling, the respondent may make the application for a waiver while she remains in the United States and she need not leave until the application is acted upon. If it is disapproved, she must depart. If it is approved, she will go to Mexico to apply for her visa. It is evident that if the respondent is permitted to remain in the United States while her application is processed there will be the minimum possible dislocation of family life and adjustment of status will be accomplished at the minimum expense. Also, there will be the best opportunity for correcting whatever deficiencies may appear in the application.

The Service does not desire to make all aliens leave the United States to apply for the waiver. It would permit applications for the waiver to be made in the United States by aliens who qualify for preexamination—that is, applications could be made by all but citizens of Canada, Mexico, or islands adjacent to the United States (8 CFR 235a.1). This distinction between aliens eligible for preexamination and aliens ineligible is made by the Service on the theory that the request for the waiver under Public Law 85–316 must be made in the court of an application for admission to the United States; preexamination is considered an application for admission; there is no other administrative device available to aliens *in the United States* to make an application for admission. We do not believe the Service position is correct. We see no connection between the waiver and preexamination, and we find no requirement that the request for the waiver must be made during an application for admission to the United States.

The request for the waiver is not an application for admission. It is a request that certain barriers which stand in the way of the issuance of a visa and admissibility to the United Staes be waived. Application for admission will be made *only if the waiver is granted and only after the visa is issued*. For many years, both under the 7th proviso to section 3 of the Immigration Act of February 5, 1917 (39 Stat. 875) and under section 212(c) of the present act (8 U.S.C. 1182(c)), a similar relief was granted to aliens in deportation proceedings and to aliens in the United States who intended to depart

for visits abroad and then return to the United States. (See *Matter of S——*, 6 I. & N. Dec. 392.) A careful examination of the law and of congressional and administrative history revealed no reason for requiring natives of Canada, Mexico, or adjacent islands to leave their families to make an application for the waiver while natives of all other lands may apply while they are in the United States. On the contrary, we found that congressional desire to prevent needless family separation and administrative practice involving the grant of similar relief required that all eligible aliens be permitted to apply for the relief while they are in the United States.

The Service emphasis upon preexamination requires examination of that procedure. Preexamination is an administrative device to permit aliens who are distant from their homelands to enter a convenient contiguous foreign territory to apply for a visa. It was created to prevent the hardships arising out of extended family separation and to minimize the financial burden which would arise if an alien had to return to his distant homeland to apply for a visa. Preexamination merely puts an alien from distant lands in the same position in regard to obtaining a visa as the alien from contiguous territory. A grant of preexamination does not remove the necessity of applying for a waiver if one is needed. Preexamination is available to aliens who are legally or illegally in the United States. It is applied for and passed upon while the alien remains in the United States. Eligibility for preexamination is fixed not by law but by the Attorney General who can and has varied the classes from time to time. For administrative efficiency, and to make use of provisions of law relating to medical examinations, preexamination is regarded as part of the admission procedure. This is a fiction. Indulgence in the fiction is not called for by the nature of the application for a waiver under Public Law 85–316. However, if it is necessary to consider an application for a waiver under Public Law 85–316 as part of the admission process, it would be no more and no less difficult a task than to so consider an application for preexamination.

The Service motion states that the limitation it seeks to impose in waiver cases is no more illogical than the limitation which now denies citizens of Canada, Mexico and adjacent islands the right to preexamination. An examination of the assertion requires that it be rejected. Preexamination gives an alien the privilege of making application for a visa in Canada. There is no hardship in denying this right to one who can at will readily enter Canada (or a nearby foreign country) and apply for his visa. However, there is a lack of logic in denying Canadians, Mexicans and natives of adjacent islands the privilege of applying in the United States for a waiver under Public Law 85–316, because in their cases it will impose a hardship. It will result in their being subjected to ex-

70

tended family separations and being saddled with the expense of maintaining separate establishments while these hardships will not be incurred by natives of the other countries.

The fact that this respondent can freely enter a foreign contiguous territory to apply for a visa does not justify saddling her with the expense of a foreign stay of uncertain duration and the heartache of family separation when these evils can be avoided so easily.

**Order:** It is ordered that pursuant to the authority contained in 8 CFR 6.1(h) (1) (iii) and at the request of the Commissioner of Immigration and Naturalization, the decision of the Board in this case be certified to the Attorney General for review.

### BEFORE THE ATTORNEY GENERAL
(February 26, 1959)

**Order:** The decision of April 14, 1958, by the Board of Immigration Appeals remanding this case to the special inquiry officer for investigation and decision concerning the alien's eligibility for relief is reversed and the Board is directed to proceed to its decision in the case.

---

This case is before me in accordance with the provisions of 8 CFR 3.1(h) (1) (iii) for review of the Board's decision.

Charges requiring deportation of the alien, a native of Mexico, have been sustained but an unresolved issue concerns her eligibility for relief under the provisions of sections 5 and 7 of Public Law 85–316, 85th Congress. In this connection, a decision rendered on June 18, 1958, by the United States District Court for the Eastern District of Michigan is dispositive. That Court held that the provisions of the law in question are available to aliens making application for admission to the United States, and as to aliens physically within the United States this means aliens eligible for preexamination (*Cammarata* v. *Sahli*, 163 F. Supp. 125). See, to the same effect, *Chabolla-Delgado* v. *Hoy*, D.C. Calif. S.D., Cent. Div., Civ. No. 361–58–BH, decided June 20, 1958; *Puig y Garcia* v. *Murff*, D.C. N.Y. S.D., Civ. 131–393, decided Dec. 23, 1958.

The subject alien being a native of Mexico, a contiguous country to which preexamination procedures are not applicable under the regulations, is precluded from preexamination while she remains in the United States. Accordingly, she is ineligible for the relief in question except as she applies for it in connection with an application to enter the United States from Mexico.

### BEFORE THE BOARD
(March 10, 1959)

**Discussion:** The facts have been fully stated in previous orders. By order dated April 14, 1958, we found the respondent deportable

upon the grounds stated above. We held that respondent must depart from the United States since there is no administrative power to adjust her status while she remained in the United States. Respondent desires to return to the United States to make her home here with her United States citizen husband. She is inadmissible to the United States because she obtained a visa by fraud and because she engaged in prostitution at one time. These grounds of inadmissibility may be waived under sections 5 and 7 of Public Law 85–316. We ordered reopening of proceedings to determine whether respondent was eligible for relief under Public Law 85–316. This we did in the belief that an alien in the United States could be given a waiver of the grounds of inadmissibility in deportation proceedings so that the alien could depart and readily apply for a visa. The Commissioner took issue with this ruling. His position is that the relief may be granted in advance in the United States but only to an alien who is eligible for preexamination, and that since respondent, a native of Mexico, a contiguous country, is not eligible for preexamination, she cannot be given relief while she is in the United States but must depart and apply for it outside the United States.

At the Commissioner's request the issue was referred to the Attorney General for review. The Attorney General now has ruled that respondent, a person precluded from preexamination, is ineligible for relief "except as she applies for it in connection with an application to enter the United States from Mexico." Our order of April 14, 1958, remanding the case to the special inquiry officer was reversed and we were directed to proceed to a decision in the case. Respondent's deportability is established. She is ineligible for administrative relief. Her appeal must be dismissed.

**Order:** It is ordered that the appeal of the respondent be and the same is hereby dismissed.