MATTER OF BERNABELLA

In Deportation Proceedings

A-14733481

*Decided by Board October 18, 1968*

Respondent, a native of Curacao, Netherlands Antilles, whose marriage to a United States citizen occurred subsequent to his last admission to this country (as a nonimmigrant) on or about May 23, 1967, is ineligible for a *nunc pro tunc* section 212(h) waiver of the criminal grounds of inadmissibility existing at entry; further, he is ineligible as of the present time for a section 212(h) waiver in the current deportation proceedings since section 212(h) benefits are available in deportation proceedings only in conjunction with adjustment of status under section 245 or section 249 of the Immigration and Nationality Act, as amended, and respondent, a native of a Western Hemisphere country, is ineligible for section 245 adjustment, and since he entered the United States subsequent to June 30, 1948 he is ineligible for the benefits of section 249 of the Act.

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry as person who admits commission of crime involving moral turpitude.

Lodged: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry, conviction of crime involving moral turpitude.

ON BEHALF OF RESPONDENT:
Alphonso A. Christian, Esquire
P.O. Box 327
St. Thomas, Virgin Islands 00902

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney
(Memorandum filed)

These proceedings have been certified to us for review and final decision. The special inquiry officer on July 26, 1968 after a reopened hearing, affirmed an earlier decision of November 15, 1967 in which he found respondent deportable as charged, denied his application for voluntary departure, and ordered that he be deported to Curacao, Netherlands Antilles. At the reopened hearing respondent applied for waiver of excludability pursuant to section 212(h), Immigration and Nationality Act. This was denied by the special inquiry officer.

The respondent is a 28-year-old married male alien, who is a native of Curacao, Netherlands Antilles and a citizen of the Netherlands. Respondent's last admission to the United States was at Charlotte Amalie, Virgin Islands, on or about May 23, 1967, at which time he was admitted as a visitor for pleasure. At the time he entered the United States he was married to a citizen of the Netherlands and was the father of one child. In November 1967 he divorced this wife and he then married a United States citizen on January 1, 1968 in Puerto Rico. Respondent is excludable under section 212(a) (9) of the Act as set forth more fully below. It is on the basis of this marriage to a United States citizen that the respondent is seeking a waiver of his excludability under section 212(h), Immigration and Nationality Act. Respondent, however, does not concede that he is deportable. The special inquiry officer found that he was deportable under the lodged charge and not under the charge contained in the order to show cause, a conclusion with which we are in accord.

The facts are not in dispute that respondent, prior to his entry to the United States, was convicted on at least three occasions of crimes involving moral turpitude, to wit, theft in 1958, theft in 1960 and theft in 1963 (Exs. 5, 6 & 8). Respondent admits his convictions. Therefore, respondent is an alien ineligible to receive a visa and is excludable from admission to the United States under section 212(a) (9), Immigration and Nationality Act.

Respondent seeks a waiver of his inadmissibility under section 212(h) of the Act on the basis that he is now the spouse of a United States citizen, is otherwise admissible, and that his being excluded and deported from the United States would result in extreme hardship to his United States citizen wife.

The respondent is not entitled to a waiver of his inadmissibility nunc pro tunc for the reason that when he entered the country on May 23, 1967, he was not then married to his present spouse and thus at that time had no relation to a citizen or permanent resident as specified in section 212(h) of the Act. Consequently, authority for a waiver did not exist at the time of his entry.[1] Further, section 212(h) by its wording clearly contemplates that the admission for which a waiver of inadmissibility is considered must have been for permanent residence. In this case respondent entered the country as a visitor for pleasure.

A waiver under section 212(h) as of the present time is also inappropriate. The benefits of section 212(h) are not available in

---

[1] *Matter of P—*, 7 I. & N. Dec. 713; *Matter of Caudillo-Villalobos*, 11 I. & N. Dec. 15, 259; affirmed per curiam 361 F.2d 329 (C. A. 5th, 1966).

deportation proceedings unless granted in conjunction with adjustment of status under section 245 or under section 249.[2] Since the respondent is a native and citizen of a Western Hemisphere country, he is ineligible for adjustment under section 245. Also, since he entered the United States subsequent to June 30, 1948, he is ineligible for the benefits of section 249 of the Act.

The special inquiry officer denied voluntary departure in the exercise of administrative discretion principally on the basis of respondent's rather extensive criminal record. We will not disturb this decision.

Accordingly, we will affirm the decision of the special inquiry officer in toto.

ORDER: It is ordered that the order of the special inquiry officer of July 26, 1968 denying respondent's application for voluntary departure and ordering his deportation to Curacao, Netherlands West Indies be and the same is hereby approved.

---

[2] See *Matter of DeFong*, 8 I. & N. Dec. 68; *Matter of DeGalloway*, 8 I. & N. Dec. 325.