MATTER OF VANISI

In Deportation Proceedings

A-14683916

*Decided by Board February 7, 1968*

Since the motion to reconsider complies with the provisions of 8 CFR 242.22 and 8 CFR 246.8 requiring, among other things, that the new evidence is material and could not have been discovered or presented at the hearing, Service motion is granted to reconsider the order under section 245, Immigration and Nationality Act, as amended, adjusting respondent's status conditioned upon the obtainment of a quota number from the Department of State, where the assignment of a quota number, although available, was never finalized, issuance to respondent of Form I-151 appears attributable to clerical error, and at the time of filing of the motion no record of permanent residence had as yet been created.

CHARGES:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer, visitor.

| ON BEHALF OF RESPONDENT: | ON BEHALF OF SERVICE: |
|---|---|
| Donald L. Ungar, Esquire | R. A. Vielhaber |
| 517 Washington Street | Appellate Trial Attorney |
| San Francisco, Calif. 94111 | Stephen M. Suffin |
| (Brief filed) | Trial Attorney |
| | (Brief filed) |

The case comes forward upon certification by the special inquiry officer of his order dated September 18, 1967 denying the Service motion to reopen the proceedings.

The respondent, a native and citizen of Tonga, 25 years old, female, was admitted to the United States at Honolulu, Hawaii on or about January 25, 1965 as a visitor. The respondent was accorded a hearing before a special inquiry officer on July 18, 1967, was found deportable on the charge stated in the order to show cause. During the course of the hearing she applied for status as a permanent resident under section 245 of the Immigration and Nationality Act. In her sworn application for such status on June 15, 1965, the respondent stated she was not

married. The special inquiry officer on July 18, 1967 granted the application for permanent resident status conditioned upon the Service obtaining from the Department of State a quota number under the Tongan quota. No appeal was taken from this decision.

On August 10, 1967 the trial attorney for the Service filed a motion to reopen the proceedings to offer evidence which was material to the question of whether the respondent's application merited the favorable exercise of discretion. Attached to the motion was State Department Form FS-508 (Report to the Immigration and Naturalization Service Concerning an Individual Alien), dated October 6, 1966 from the American Consulate at Suva, Fiji Islands, which indicated that Sioue Moala had married the respondent on January 9, 1965 and feared that she was making application as a single person; the plans were for the respondent to go first, her husband would join her later as a visitor, and once in the United States thay intended to remain permanently. The Consulate's communication further indicated that the Consulate had informally refused a visitor's visa to the respondent for failure to overcome presumption of immigrant status; she was instructed to appear in person if she wished to pursue her application the result of which would have been a formal refusal. However the respondent did not follow up her application with the Consulate, instead went to Pago Pago, American Samoa and obtained her visitor's visa from that office. The Consulate indicated that many Tongans obtained nonimmigrant visas from Pago Pago before the Consulate was able to take preventative measures. The Form FS-508 was received in the San Francisco District Office on October 10, 1966 but because of a backlog of work it was not until July 1967 that the Form FS-508 was indexed and routed to the administrative file relating to the respondent.

Counsel for the respondent argues that a grant of permanent resident status, once filed, cannot be attacked except in accordance with the statute enacted for that purpose: to wit, section 246; and, in addition, the motion of the Service does not comply with the regulations relating to the reopening of deportation proceedings since it did not appear the evidence sought to be offered was not available and could not have been discovered or presented at the hearing (8 CFR 242.22). In reply, the trial attorney also relied upon 8 CFR 242.22 that there was no obstacle to reopening the proceedings.

In his decision on the motion, the special inquiry officer pointed out that had the evidence which the Service discovered been presented to him at the hearing, it might well have caused him to deny respondent's application for permanent resident status; that in light of the District Director's explanation for the failure to have presented the

evidence, "it was not available and could not have been discovered or presented at the hearing" within the meaning of the regulations. However, the special inquiry officer distinguishes the case of *Matter of Talanoa*, Int. Dec. No. 1770 (August 11, 1967), on the ground that while the Board of Immigration Appeals may have the power, after it enters a decision adjusting the alien to that of a permanent resident, to order the execution of its decision held in abeyance and thereafter to reverse itself, there was no regulation giving a special inquiry officer such authority, and he therefore found that he had no authority to reopen the instant proceedings. He denied the motion to reopen but because of the doubt engendered by the action in *Talanoa*, certified the case to this Board.

When the motion to reopen was filed on August 10, 1967, it set forth that a quota number was issued for use of the alien during August 1967. At oral argument it was pointed out by the appellate trial attorney that due to a combination of clerical errors the respondent received through the mail her Form I-151, Alien Registration Receipt Card, in the latter part of August 1967 but that at the time of filing of the motion no record had as yet been created for permanent residence.

The present proceeding is a deportation proceeding conducted under the authority of section 242(b) of the Immigration and Nationality Act. 8 CFR 242.17 relates to ancillary matters—(a) creation of the status of an alien lawfully admitted for permanent residence pursuant to sections 244(a), 245 and 249 of the Act, (b) voluntary departure, (c) temporary withholding of deportation. 8 CFR 242.22 provides for reopening or reconsideration and states that a motion to reopen will not be granted unless the special inquiry officer is satisfied that the evidence to be offered is material and was not available and could not have been discovered or presented at the hearing. The special inquiry officer has stated he is satisfied that the evidence to be offered was material and was not available and could not have been discovered or presented at the hearing.

Section 246 of the Immigration and Nationality Act and 8 CFR 246 provides for recission of adjustment of status. 8 CFR 246.8 provides that the special inquiry officer may upon his own motion, upon motion of the trial attorney or the respondent, reopen or reconsider any case in which he has made a decision, unless jurisdiction in the case is vested in the Board of Immigration Appeals. A motion to reopen will not be granted by the special inquiry officer unless he is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the hearing.

Both regulations, 8 CFR 242.22 and 246.8, provide that motions to reopen shall be subject to the requirements of 8 CFR 103.5. Both regulations require that the motion state the new facts to be presented at the reopened proceeding and be supported by affidavits or other evidentiary material.

*Matter of Talanoa*, Interim Decision No. 1770, involved a native and citizen of Tonga, who applied for adjustment of status at a deportation hearing in February 1964. After several decisions and motions to reopen the special inquiry officer on July 12, 1966 finally granted adjustment of status in the exercise of discretion upon condition that a quota number be allocated to respondent by the Department of State. The Service appealed and on February 10, 1967 the Board affirmed the special inquiry officer's decision and dismissed the Service appeal. On March 13, 1967 the Service moved for reconsideration and reopening, presenting material to show that respondent, as of December 12, 1966, had been working full time as a fleet serviceman and urged that the finding that the respondent did not require a labor certification was erroneous. On April 17, 1967 we granted the Service motion and reopened the proceedings, holding that since the cessation of Talanoa's business was reasonably contemporaneous with the hearing, this respondent had the burden of establishing his good faith intention of carrying on such business and his ability to do so, there was a sound basis for reconsideration of his eligibility for adjustment. The special inquiry officer at the reopened hearing held that the respondent was subject to the changed requirement of the law, amended while his case was pending, which required certification pursuant to section 212(a)(14), denied adjustment of status but granted him voluntary departure in lieu of deportation. The Board dismissed the appeal and found no basis for estoppel.

The counsel for the respondent in his brief has attempted to distinguish *Matter of Talanoa*, Int. Dec. No. 1770 on the ground that in the *Talanoa* case adjustment had not been officially approved because a quota number had not yet been made available to him, while in the instant case a quota number has been made available. However, as we have previously indicated, the assignment of a quota number was never finalized and the issuance of an I-151 appears to have been due to a clerical error. Had the evidence which the Service discovered been presented to the special inquiry officer at the hearing it might well have caused him to deny respondent's application for permanent resident status and in light of the District Director's explanation for the failure to have presented the evidence, "it was not available and could not have been discovered or presented at the hearing" within the meaning of regulations.

619

We do not believe that the difference in the two cases is significant. In view of the circumstances of this case, namely, the discovery of the evidence before the adjustment of status had been granted, the clerical mix-up which resulted in the failure to attach the evidence to the respondent's file which resulted in the evidence being not available, and the authority contained in the regulations, we believe that the recission under section 246 of the Immigration and Nationality Act is not the sole procedure to rescind the adjustment of status. Under the circumstances of the case the motion to reopen is proper and will be granted.

**ORDER:** It is ordered that the motion to reopen the proceedings for the purpose of determining whether respondent merits adjustment of status under section 245 of the Immigration and Nationality Act, and for such other purposes as may appear appropriate, be and the same is hereby granted.

620