**Bayani Posadas FULGENCIO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 76–2709.

United States Court of Appeals,
Ninth Circuit.

March 23, 1978.

Rehearing Denied April 17, 1978.

L. G. Smith, Oakland (argued), of Smith & Strickfaden, Benicia, Cal., for petitioner.

Philip Wilens, Chief, Lauren S. Kahn (argued), Lawrence W. Chamblee (on the brief), Dept. of Justice, Washington, D. C., for respondent.

Before WRIGHT and TANG, Circuit Judges, and THOMPSON,* District Judge.

EUGENE A. WRIGHT, Circuit Judge:

This is an appeal from a final order of deportation which was upheld by the Board of Immigration Appeals.

The issues are: (1) whether the immigration judge abused his discretion in denying appellant an adjustment of status to that of permanent resident; and (2) whether the immigration judge was permitted to make a conditional adjustment of status order which could be revoked on a motion to reopen deportation proceedings.

FACTS:

Appellant was the subject of a deportation hearing for having remained in this country beyond the period authorized. During the hearing, he applied for adjustment of status to permanent resident under the provisions of the Immigration and Naturalization Act, § 245; 8 U.S.C. § 1255 (marriage to an American citizen). The immigration judge granted the adjustment of status conditioned upon the absence of "any derogatory information concerning the respondent" in "appropriate record checks" to be completed thereafter.

When the record checks disclosed a prior undissolved marriage in the Philippines, the judge reopened the proceedings and "withdrew" his prior order of adjustment. He also refused to grant appellant's new application for adjustment of status notwithstanding the fact that appellant had, in the interim, obtained a divorce from his wife in the Philippines and remarried his American wife. The immigration judge's decision was affirmed by the Board of Immigration Appeals.

DISCUSSION:

Appellant contends that the immigration judge erred in denying him an adjustment of status to that of permanent resident. Authority to grant adjustment of status is entrusted to the Immigration and Naturalization Service (INS). Only an abuse of discretion can justify overturning the INS disposition. *Soo Yuen v. INS*, 456 F.2d 1107, 1108 (9th Cir. 1972).

Appellant admits he entered this country with a preconceived intent to remain beyond the expiration date of his visa. This court has held that under such circumstances, a discretionary denial of adjustment of status is proper. *Id.; Santos v. INS*, 375 F.2d 262, 264 (9th Cir. 1967).

Furthermore, there is evidence from which the immigration judge could have concluded that appellant made false statements in his visa application, in his application for student status, and in an affidavit about his Philippine marriage. There was also evidence that he misled the immigration judge and gave false information regarding the paternity of a child. Finally, he apparently entered into a fraudulent marriage and twice committed bigamy.

The immigration judge balanced appellant's valid marriage against his false state-

---

\* Hon. Bruce R. Thompson, of the District of Nevada.

ments and concluded that an adjustment of status was not warranted. We find no abuse of discretion.

Appellant also contends that the judge had no authority to issue a conditional grant of permanent resident status. Arguing that the conditional order should be deemed a final one, he maintains that the INS could revoke it only in a formal rescission proceeding.

The procedure utilized in this case conformed with the Operations Instructions of the INS, which provide for conditional approval orders that are finalized when the conditions are satisfied. O.I. 245.2(f).[1] However, the Operations Instructions do not specify the procedure to be followed in the event the condition is not satisfied.

In this case, a motion to reopen the deportation proceedings was made in accordance with 8 C.F.R. § 242.22,[2] which provides that the judge may reopen proceedings when he "is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the hearing." Evidence of appellant's Philippine marriage was material because it invalidated his United States marriage, which was the basis of his eligibility for adjustment of status. The evidence was not "available" at the hearing because of appellant's false affidavits and perjured testimony. *See generally Matter of Vanisi*, 12 I&N Dec. 616 (BIA 1968).

We are concerned about the fundamental fairness of these procedures.

When an adjustment of status to permanent resident is revoked by a rescission proceeding, an alien is afforded procedural safeguards which are absent when a conditional grant is followed by a motion to reopen deportation proceedings.

A rescission proceeding is governed by a five-year statute of limitations. 8 U.S.C. § 1256(a).[3] After five years, the alien's status is unassailable. *Quintana v. Holland*, 225 F.2d 161, 164 (3d Cir. 1958).

However, when the adjustment is conditional, the alien is in continual jeopardy because deportation proceedings may be reopened at any time. 8 C.F.R. § 242.22. This undermines the security which ought to attend permanent resident status.

■ Furthermore, when the INS seeks to rescind a grant of permanent resident status, it has the burden of proof and must establish its ground for rescission by clear, unequivocal and convincing evidence. *Woodby v. INS*, 385 U.S. 276, 286, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966); *Yaldo v. INS*, 424 F.2d 501, 503 (6th Cir. 1970). When a conditional grant is followed by a motion to reopen the deportation proceeding, the burden remains on the alien to prove that he should not be deported even though it is the government which seeks to alter his status.

■ If the immigration judge felt that the record was inadequate in this case, he

---

1. Section 245.2(f) of the Operations Instructions provides in relevant part:

    If the initial or renewed section 245 application is made after an order to show cause has been served, the decision thereon will be made by an [immigration judge]. . . . If the [immigration judge] determines that the application is approvable except for allocation of a visa number, completion of medical examination or completion of G–325A checks, a conditional approval order may be entered and the application may be forwarded to Travel Control to request such number, examination or checks. . . . The Travel Control adjudicating officer shall note . . the date on which permanent resident status has been accorded, which shall be the date he determines that the conditions of the approval order have been satisfied.

2. 8 C.F.R. § 242.22 provides in relevant part:

    . . . The [immigration judge] may . . reopen . . . any case in which he had made a decision . . . . A motion to reopen will not be granted unless the [immigration judge] *is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the hearing.*

3. 8 U.S.C. § 1256(a) provides, in part:

    If, at any time within five years after the status of a person has been adjusted . . to that of an alien lawfully admitted for permanent residence, it shall appear to the satisfaction of the Attorney General that the person was not in fact eligible for such adjustment of status, the Attorney General shall rescind the action taken granting an adjustment of status to such person· . . . .

could have adjourned the proceedings. 8 C.F.R. § 242.13. By granting adjustment on condition that nothing "derogatory" appear in appellant's records, he improperly retained jurisdiction over the substantive merits of appellant's application for an open-ended period of time.[4]

For these reasons, we hold that conditional orders, as employed in this case are improper. Nevertheless, we affirm the decision of the Board of Immigration Appeals because it is clear from the record that the appellant could not have prevailed even if proper procedures had been followed. Appellant was given adequate notice and full opportunity to be heard at the reopened hearing. The reopened hearing was not delayed unduly. The evidence presented at the hearing was more than sufficient to show the grounds for rescission by clear, unequivocal and convincing evidence even if the burden of proof had been on the Immigration and Naturalization Service.

AFFIRMED.

---

4. It should be noted that the Attorney General has approved conditional grants of adjustment of status in cases where the condition to be satisfied was the assignment of a quota number by the Department of State. *See, e. g., Matter of Vanisi, supra.* However, this is an essentially automatic, ministerial act with far less potential for abuse than an order conditioned upon the receipt of no "derogatory information."