MATTER OF REYES

In Deportation Proceedings

A-19007515

*Decided by Board January 16, 1980*

(1) It is improper for an immigration judge to enter a conditional grant of adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255 as it undermines the security that ought to attend permanent resident status. *Fulgencio v. INS*, 573 F.2d 596 (9 Cir. 1978).

(2) If, after adjustment of status is granted under the provisions of section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255, it appears that the alien was ineligible for adjustment of status, the Service may institute rescission proceedings following the provisions of section 246 of the Act, 8 U.S.C. 1256, and may not move to reopen the deportation proceedings to attack the grant of adjustment.

(3) It was improper for the immigration judge to enter a conditional grant of adjustment of status, and it was also improper to accept a Service motion to reopen the proceedings 2 years later so that it could oppose the application for adjustment; and so much of the immigration judge's decision that imposed conditions on the granting of the adjustment of status was vacated.

CHARGE:

Order: Act of 1952—Sec. 241(a)(9) [8 U.S.C. 1251(a)(9)]—Nonimmigrant visitor— failed to comply with conditions of nonimmigrant status

ON BEHALF OF RESPONDENT:
Michael R. Pickett, Esquire
P.O. Box 986
Richland, Washington 99352

ON BEHALF OF SERVICE:
Kendall B. Warren
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The respondent appeals from the immigration judge's grant of a Service motion to reopen the deportation proceedings. We will certify this case to ourselves pursuant to 8 C.F.R. 3.1(c). The decision of the immigration judge will be reversed and the proceedings terminated.

On May 25, 1977, the immigration judge entered a conditional grant of adjustment of status, dependent on the results of a medical examination and a Service investigation. As he stated in his decision:

Adjustment of status is an application which is discretionary with the immigration judge. The Service did not raise any objection during the course of this hearing in

opposition to the granting of the application. The necessary checks have not been completed so, if I grant the application, it will be conditional upon completion of checks and that they be negative. Under the circumstances, because the respondent is the spouse of a citizen of the United States and is no doubt desirous of remaining in the United States with her, I am going to grant his application conditionally. When the conditions are met, the proceedings will be terminated.

The immigration judge then entered the following order:

It is ordered that respondent's *application* for adjustment of status pursuant to section 245 of the Immigration and Nationality Act be and the same *is hereby granted,* conditioned upon (1) a clear medical certification and (2) the appropriate checks being made and they being negative. (Emphasis added.)

The investigation that followed apparently resulted in the Service conclusion that the marriage on which the adjustment of status application was based was fraudulent and the respondent was then tried and convicted in a United States District Court for having violated 18 U.S.C. 1001. On May 3, 1979, the Service moved to reopen the proceedings based on these facts, so that it could oppose the application for adjustment of status.

In a case involving similar facts, the Ninth Circuit noted that rescission proceedings are governed by a 5 year statute of limitations, but that:

. . . when the adjustment is conditional, the alien is in continual jeopardy because deportation proceedings may be reopened at any time. 8 C.F.R. 242.22. This undermines the security which ought to attend permanent resident status.

Furthermore, when the INS seeks to rescind a grant of permanent resident status, it has the burden of proof and must establish its ground for rescission by clear, unequivocal, and convincing evidence. *Woodby* v. *INS*, 385, 503 (6 Cir. 1970). (Other citations omitted.) When a conditional grant is followed by a motion to reopen the deportation proceedings, the burden remains on the alien to prove that he should not be deported even though it is the government which seeks to alter his status.

If the immigration judge felt that the record was inadequate in this case, he could have adjourned the proceedings. 8 C.F.R. 242.13. By granting adjustment on condition that nothing "derogatory" appear in appellant's records, he improperly retained jurisdiction over the substantive merits of appellant's application for an open-ended period of time.

The court consequently held that the conditional grant was improper. *Fulgencio* v. *INS,* 573 F.2d 596, 598, 599 (9 Cir. 1978).

The same result holds true in this case. Quite clearly, the basic problem of unfairness that the court saw in *Fulgencio* is abundantly evident here where the proceedings were reopened almost 2 years after the conditional grant was entered by the immigration judge. This grant by the immigration judge can only therefore be characterized as an unqualified grant of adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255. Section 246 of the Act, 8 U.S.C. 1256, states in part that following the grant of adjustment of

status:

> ... If, at any time within 5 years after the status of a person has been otherwise adjusted under the provisions of section 245 or 249 of this Act or any other provision of law to that of an alien lawfully admitted for permanent residence, it shall appear to the satisfaction of the Attorney General that the person was not in fact eligible for such adjustment of status, the Attorney General shall rescind the action taken granting an adjustment of status to such person and cancelling deportation in the case of such person if that occurred and the person shall thereupon be subject to all provisions of this Act to the same extent as if the adjustment of status had not been made.

It is clear from this case that the immigration judge did not retain the jurisdiction to reopen the proceedings, because he was in reality being requested to rescind the adjustment of status by means of a motion to reopen the deportation proceedings. This cannot be done. The only procedure for the Service to now attack the grant of adjustment of status is through the rescission proceedings set forth in section 246 of the Act. The decision of the immigration judge is accordingly reversed.

ORDER: The Service motion to reopen the deportation proceedings is denied.

FURTHER ORDER: The decision of the immigration judge dated June 7, 1979, is reversed.

FURTHER ORDER: So much of the immigration judge's order dated May 25, 1977, as imposes conditions on the granting of adjustment of status is vacated.