MATTER OF PRZYGOCKI

In Deportation Proceedings

A-8241801

*Decided by Board March 21, 1980*

(1) In view of the absence of statutory and regulatory sanctions for "conditional" waivers of inadmissibility under section 212(c) of the Act, 8 U.S.C. 1182(c), no authority is found for granting such relief subject to conditions subsequent.

(2) Section 212(c) relief should be unconditionally granted as to specified grounds of inadmissibility where an alien establishes that relief is warranted.

(3) Immigration judge's grant of section 212(c) vacated and the record remanded for further proceedings where the respondent had been granted section 212(c) relief conditioned upon not violating "the criminal laws of any state or the United States for a period of five years . . . ."

ON BEHALF OF RESPONDENT: Darwin A. Hindman, Jr., Esquire
300 Guitar Building
Columbia, Missouri 65201

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire and Farb, Board Members

The Service appeals from the February 15, 1978, decision of the immigration judge conditionally granting the respondent's application for relief under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. 1182(c). The record will be remanded for further proceedings and the entry of a new order.

The respondent is a 29-year-old native of Germany and citizen of Poland who last entered the United States as a lawful permanent resident in 1952. In May 1975, he was convicted in a Missouri state court for unlawfully selling a quantity of marijuana and was sentenced to confinement for a period of five years. He was thereafter charged with being deportable under section 241(a)(11) of the Act, 8 U.S.C. 1251(a)(11).

Deportation proceedings were held in November 1976 and April 1977 while the respondent was still in confinement. The respondent denied deportability, but was properly found deportable as charged. The remainder of the proceedings below concerned the respondent's application for relief under section 212(c) of the Act. *See Matter of Silva,* 16

I&N Dec. 26 (BIA 1976).

The record indicates that the respondent entered this country while under two years of age and that he has lived here ever since. Evidence submitted in support of the application for relief indicates that: The respondent's father is deceased. The respondent cared for his mother, who has suffered from mental illness, until she was committed to a mental institution in 1974. He assists in supporting his mother when he is able and provides her "affection and moral support." He has a United States citizen sister and two citizen children.[1] He has no relatives, friends or acquaintances outside of the United States and is "not really" familiar with any language other than English. He has suffered from drug dependency in the past, which he indicates is the cause of his criminal record (including a 1969 burglary conviction). While in confinement the respondent earned a high school equivalency degree and college credits by taking part in a part-time college program. His confinement record has been "quite good" according to a 1976 report prepared by his caseworker at the state institution. The caseworker believed that the respondent would be a "productive, responsible person upon his release from incarceration."

After considering the equities and adverse matters in the respondent's case, the immigration judge determined that favorable discretionary relief was warranted. He found that the record indicated that a "reformation [had] taken place." The immigration judge then sought to conditionally grant the application for section 212(c) relief subject to the respondent not violating "the criminal laws of any state or of the United States for a period of five years . . . ." By further order, the immigration judge provided that if the respondent was convicted of an offense within five years, the application for relief was automatically revoked and the respondent would be deported.

The Service appeals from the immigration judge's exercise of discretion, submitting that favorable action was inappropriate in view of the respondent's "extensive and serious criminal record which extends from the age of 17 until his present confinement and the lack of any real showing that he has truly reformed."

We will first address the issue of the immigration judge's authority under law and regulation to grant section 212(c) relief subject to specified conditions subsequent. The predecessor provision to section 212(c) of the 1952 Act was the seventh proviso to section 3 of the 1917 Immigration Act. That proviso read:

> That aliens returning after a temporary absence to an unrelinquished United States domicile of seven consecutive years may be admitted in the discretion of the Attorney General, and under such conditions as he may prescribe.

---

[1] The respondent is divorced from his wife and their children are in her custody.

In view of the express statutory language authorizing the Attorney General to prescribe conditions to grants of relief, the Board held that restrictions could validly be placed on a grant of seventh proviso relief. See *Matter of V—I—*, 3 I&N Dec. 571, 573 (BIA 1949); *Matter of L—*, 2 I&N Dec. 486 (BIA 1946; A.G. 1946). Such conditions ordinarily pertained to the applicant remaining a person of good moral character and not subsequently committing "any offenses." The orders specified that revocation could only occur "after hearing." *See, for example, Matter of S—*, 4 I&N Dec. 180 (C.O. 1950; BIA 1951; A.G. 1951); *Matter of G—Y—G—*, 4 I&N Dec. 211 (BIA 1950; A.G. 1951).

The seventh proviso was superseded by section 212(c) of the 1952 Act. This section provides:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraph (1) through (25) and paragraphs (30) and (31) of subsection (a). Nothing contained in this subsection shall limit the authority of the Attorney General to exercise the discretion vested in him under section 211(b).

The language in section 212(c), thus, contains no express provision for conditional grants of relief as had been the case with the seventh proviso. Nonetheless, in cases involving waivers of crimes, the Board continued using the same "conditional" orders when relief was granted under section 212(c) as had been used when relief was granted under the seventh proviso. See *Matter of G—A—*, 7 I&N Dec. 274 (BIA 1956); *Matter of S—*, 6 I&N Dec. 392 (BIA 1954; A.G. 1955); *Matter of F—*, 6 I&N Dec. 537 (BIA 1955); *Matter of M—*, 5 I&N Dec. 598 (BIA 1954). *Compare Matter of A—*, 7 I&N Dec. 327 (R.C. 1956) (involving inadmissibility based on a prior attack of insanity). The last published Board decision involving a conditional grant of relief was in 1963. *See Matter of Edwards*, 10 I&N Dec. 506 (BIA 1963, 1964).

The question of whether conditional grants of relief were authorized under the provisions of section 212(c) was never specifically addressed by the Board. Apparently, no recipient of such a grant felt any need to challenge its conditional nature and the Board is unaware of ever reviewing an attempted section 212(c) "revocation" action.[2] The practice of using conditional grants of section 212(c) relief may have simply resulted from a continued utilization of seventh proviso "format" orders without any consideration of the fact that the specific language authorizing "conditional" waivers contained in the seventh proviso did not make its way into section 212(c) of the 1952 Act.

In any case, in view of the absence of statutory and regulatory

---

[2] No statutory or regulatory mechanism for such "revocation" proceedings exist. Nor can "rescission" of section 212(c) relief be accomplished under section 246 of the Act.

sanctions for "conditional" section 212(c) waivers of inadmissibility[3], we cannot find authority for the continued use of such grants of relief. *See, generally, Fulgencio v. INS,* 573 F.2d 596 (9 Cir. 1978) (involving "conditional" grants of adjustment of status under section 245 of the Act). Such relief should instead be unconditionally granted as to specified grounds of inadmissibility to those cases where an alien establishes that relief is warranted; thus, returning the alien to the same lawful permanent resident status previously held.[4] Accordingly, in this case, the immigration judge's conditional orders of February 15, 1978, will be vacated.

Moreover, as two years have elapsed since the last consideration of this application for relief, as the respondent was incarerated at the time of the application and as the nature of the immigration judge's conditional order suggests reservations concerning his finding of a "reformation," the proceedings will be remanded for further evidence regarding the respondent's post-conviction behavior and his rehabilitation. A new decision regarding his application for section 212(c) relief should then be entered.

ORDER: The February 15, 1978, orders of the immigration judge are vacated.

FURTHER ORDER: The record is remanded to the immigration judge for further proceedings in accordance with the above decision and for the entry of a new decision.

---

[3] *Compare* section 212(g) of the Act which had its origins in section 5 of the Immigration Act of September 11, 1957, and which includes express language authorizing admission of certain aliens "in accordance with such terms, conditions, and controls, if any ... as the Attorney General ... may by regulations prescribe." *See also* section 212(h) of the Act.

[4] The immigration judge's order here left the respondent in a questionable and tenuous status. On its face, the orders would result in the respondent being immediately deportable, without further hearing, if any criminal conviction occurred within five years, no matter how technical or minor the offense or how mitigating the surrounding circumstances.