## In re Emeka Kenneth ABOSI, Respondent

File A76 407 054 - Bloomington

*Decided June 19, 2007*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A returning lawful permanent resident seeking to overcome a ground of inadmissibility is not required to apply for adjustment of status in conjunction with a waiver of inadmissibility under section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h) (2000).

FOR RESPONDENT: Herbert A. Igbanugo, Esquire, Minneapolis, Minnesota

BEFORE: Board Panel: OSUNA, Acting Chairman; PAULEY, Board Member; GUENDELSBERGER, Temporary Board Member

PAULEY, Board Member:

In a decision dated October 13, 2005, an Immigration Judge found the respondent removable and ineligible for a waiver of inadmissibility under section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h) (2000). The respondent has appealed from that decision. The appeal will be sustained and the record will be remanded to the Immigration Judge for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Nigeria who is married to a United States citizen. The record reflects that he adjusted his status to that of a lawful permanent resident on December 2, 2000, and departed the United States in May of 2001. Upon his return on January 30, 2002, he was found to be in possession of a small amount of marijuana, i.e., 0.7 grams, and was issued a citation for committing a petty misdemeanor in violation of Minnesota law. The respondent, who later pled guilty to the offense and paid a fine, was admitted to the United States as a returning lawful permanent resident at that time. He departed the United States again in August of 2002, but when he returned on November 6, 2002, he was not admitted because of his prior controlled substance offense. The respondent was placed in removal proceedings by the filing of a Notice to Appear (Form I-862), which alleged,

inter alia, that he is an arriving alien. He was subsequently charged with being removable under section 212(a)(2)(A)(i)(II) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(II) (2000), as an alien convicted of a controlled substance violation.[1] The respondent sought relief in the form of a waiver of inadmissibility pursuant to section 212(h) of the Act. Relying on 8 C.F.R. § 1245.1(f) (2005), the Immigration Judge determined that the respondent was required to apply for adjustment of status in conjunction with his application for a waiver under section 212(h) of the Act. However, citing 8 C.F.R. § 1245.2 (2005), the Immigration Judge found that the respondent was ineligible to adjust his status in removal proceedings because he is an arriving alien. Therefore, because the Immigration Judge did not believe that the respondent could pursue a waiver under section 212(h) of the Act independently of an adjustment of status application, he found the respondent ineligible for the requested waiver.

## II. ANALYSIS

Section 212(h) of the Act permits the waiver of certain grounds of inadmissibility to allow an alien to apply or reapply "for a visa, for admission to the United States, or adjustment of status." It does not, on its face, bar arriving aliens from seeking such relief. Nor does the language of the statute require the filing of a concurrent application for adjustment of status. Moreover, 8 C.F.R. § 1245.1(f), the adjustment of status regulation on which the Immigration Judge relied, clearly applies only to those aliens *in the United States* who are seeking to overcome a ground of inadmissibility and are required to file a concurrent application for adjustment of status in order to obtain a waiver.[2] In no way does it state that an alien like the respondent, who

---

[1] The respondent's offense, which involved possession of fewer than 30 grams of marijuana, would not have subjected him to removal while he was still in the United States. *See* section 237(a)(2)(B)(i) of the Act, 8 U.S.C. § 1227(a)(2)(B)(i) (2000).

[2] This regulation is in Part 1245 of the Code of Federal Regulations, which is entitled "Adjustment of Status to that of Person Admitted for Permanent Residence," and provides, in relevant part, as follows:

> *Concurrent applications to overcome grounds of inadmissibility*. . . . [A]n application under this part shall be the sole method of requesting the exercise of discretion under sections 212(g), (h), (i), and (k) of the Act, as they relate to the inadmissibility of an alien *in the United States*.

8 C.F.R. § 1245.1(f) (emphasis added).

is seeking to return to the United States and already has lawful permanent resident status, must apply for adjustment of status in conjunction with his waiver request.

The respondent was initially charged with being an arriving alien upon his return to the United States. *See* 8 C.F.R. § 1.1(q) (2007) (defining an "arriving alien" in pertinent part as "an applicant for admission coming or attempting to come into the United States at a port-of-entry"). However, his situation is clearly contemplated by section 101(a)(13)(C)(v) of the Act, 8 U.S.C. § 1101(a)(13)(C)(v) (2000).[3]  In cases such as this, where the respondent is a returning lawful permanent resident charged with a ground of inadmissibility, a grant of a 212(h) waiver of inadmissibility simply eliminates the basis for his inadmissibility and leaves his lawful permanent resident status intact. *See Matter of Millard*, 11 I&N Dec. 175, 177-78 (BIA 1965); *see also Matter of Sanchez*, 17 I&N Dec. 218 (BIA 1980).  In this respect it is similar to a grant of a waiver under former 212(c) of the Act, 8 U.S.C. § 1182(c) (1988), which "returns an alien to the same lawful permanent resident status previously held." *Matter of Gordon*, 20 I&N Dec. 52, 55 (BIA 1989); *see also Matter of Przygocki*, 17 I&N Dec. 361, 364 (BIA 1980).  Consequently, there is no reason to require the respondent to reapply for adjustment of status in conjunction with a section 212(h) waiver.

Furthermore, we note that the respondent has not lost his lawful permanent resident status, which is not terminated until a removal order against him becomes final. *See Matter of Lok*, 18 I&N Dec. 101 (BIA 1981), *aff'd*, *Lok v. INS*, 681 F.2d 107 (2d Cir.1982) (holding that an act or event that provides a basis for an alien's deportation does not in itself terminate his lawful permanent resident status, which ends, as a result of his commission of a deportable offense, only upon the entry of a final administrative order of deportation); 8 C.F.R. § 1.1(p) (stating that the term "lawfully admitted for permanent residence" means "the status of having been lawfully accorded the privilege of residing permanently in the United States . . . , such status not

---

[3] Section 101(a)(13)(C) of the Act provides in pertinent part as follows:

>     An alien lawfully admitted for permanent residence in the United States shall not be regarded as seeking an admission into the United States for purposes of the immigration laws unless the alien–
>         (v) has committed an offense identified in section 212(a)(2), unless since such offense the alien has been granted relief under section 212(h) . . . .

having changed" and that "[s]uch status terminates upon entry of a final administrative order of . . . removal"). Therefore, since there is no final order of removal in this case, the respondent does not need to adjust his status in order to retain his status as a lawful permanent resident.

We conclude that the respondent is eligible for a waiver under section 212(h) of the Act, which, if granted, would resolve the charge of removability against him.[4] As a returning lawful permanent resident, he is not required to file an application for adjustment of status in conjunction with his waiver request. Accordingly, the respondent's appeal will be sustained and the record will be remanded to the Immigration Judge for further proceedings.[5]

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[4] We note that the Immigration Judge stated in his decision that if the respondent was determined on appeal to be eligible for a waiver under section 212(h) of the Act, he would grant the waiver in the exercise of discretion.

[5] In light of our disposition of this case, we find it unnecessary to address the respondent's motion to remand, which was filed on July 10, 2006.