MEMORANDUM ***
Ghazanfar Mirza, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals’ (“BIA”) order (1) denying his motion to reopen to allow him an opportunity to apply for adjustment of status, and (2) dismissing his appeal from the Immigration Judge’s (“IJ”) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We grant in part and deny in part the petition.
The BIA adequately articulated the basis for its exercise of discretion to deny the motion to reopen, and the basis articulated—Mirza’s pattern of falsehoods in the proceedings—is legitimate. Cf. Fulgencio v. INS, 573 F.2d 596, 597-98 (9th Cir.1978) (upholding BIA’s refusal to grant discretionary relief based on petitioner’s false statements). The BIA failed, however, to address whether it would, in its discretion, deny the ultimate relief of adjustment of status even if it granted the motion to reopen, and thereby abused its discretion in denying the motion to reopen. See Hernandez-Ortiz v. INS, 777 F.2d 509, 518 (9th Cir.1985) (The BIA “may deny a motion to reopen if (a) in its discretion, it would eventually deny the ultimate relief even if it granted the motion to reopen, (b) it adequately articulates the bases for its exercise of its discretion, and (c) the exercise of its discretion is based on ‘legitimate concerns.’ ”). We therefore grant the petition for the limited purpose of allowing the BIA to address whether it would, in its discretion, deny the ultimate relief of adjustment of status even if it granted the motion to reopen.
Mirza’s due process rights were not violated by admission of the asylum interview notes because the interview notes were probative and admission of the notes was not fundamentally unfair. See Espinoza v. INS, 45 F.3d 308, 310-11 (9th Cir.1995) (noting that “[t]he sole test for admission of evidence [in a deportation proceeding] is whether the evidence is probative and its admission is fundamentally fair,” and rejecting argument that a Form 1-213 is inadmissible as hearsay); Trias-Hernandez v. INS, 528 F.2d 366, 369 (9th Cir.1975) (“Hearsay is admissible in administrative proceedings, which need not strictly follow conventional evidence rules.”).
Mirza’s due process rights were not violated by the admission of his asylum application. Substantial evidence supports the IJ’s determination that Mirza knew the contents of his asylum application. See *544 Zehatye v. Gonzales, 453 F.3d 1182, 1184-85 (9th Cir.2006) (reviewing factual findings under substantial evidence standard). And, like the asylum interview notes, the asylum application itself was probative and admission of the application was not fundamentally unfair. See Espinoza, 45 F.3d at 310-11.
Mirza has waived the remaining due process challenges he raises on appeal by failing to raise and thereby exhaust them before the BIA or IJ. See 8 U.S.C. § 1252(d)(1); Arreguin-Moreno v. Mukasey, 511 F.3d 1229, 1232 (9th Cir.2008).
Substantial evidence supports the IJ’s adverse credibility finding. See Rivera v. Mukasey, 508 F.3d 1271, 1274 (9th Cir.2007) (“We review adverse credibility findings under the substantial evidence standard.”). As Mirza admits, there are material inconsistencies between his asylum application, asylum interview, subsequent statement, and testimony. And the reasons cited by the IJ for finding Mirza not credible are supported by substantial evidence and go to the heart of Mirza’s claim of persecution. See Li v. Ashcroft, 378 F.3d 959, 964 (9th Cir.2004) (holding that as long as one of the identified grounds is supported by substantial evidence and goes to the heart of the asylum claim, the court is bound to accept the adverse credibility finding).
We have considered and reject all other arguments raised by the parties.
PETITION GRANTED IN PART, DENIED IN PART; REMANDED.

 disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.