OPINION
PER CURIAM.
Petitioner Saul Montano is a native and citizen of El Salvador seeking review of the Board of Immigration Appeals’ *645 (“BIA”) decision affirming a decision of the Immigration Judge (“IJ”) denying his applications for cancellation of removal and for a waiver of inadmissibility. For the following reasons, we will deny Montano’s petition for review.
I.
Montano entered the United States without inspection in 1990 and received Temporary Protected Status (“TPS”) in 1992. He became a lawful permanent resident (“LPR”) in 2001 under section 203 of the Nicaraguan Adjustment and Central American Relief Act. However, on March 3, 2004, Montano was convicted of third-degree aggravated assault in New Jersey, and on May 23, 2005, he was convicted of receiving stolen property. He was sentenced to two-years probation for each conviction. In 2007, the Department of Homeland Security (“DHS”) charged Montano as removable under 8 U.S.C. § 1227(a)(2)(A)© and (ii). On March 24, 2008, the Immigration Judge (“IJ”) found Montano removable on both charges.
At his removal proceeding, Montano filed an application for cancellation of removal under 8 U.S.C. § 1229b(a), and an application for a waiver of inadmissibility under 8 U.S.C. § 1182(h). The IJ found Montano to be ineligible for a waiver because he was not an arriving alien and because he did not (and could not) file an adjustment of status application in conjunction with the waiver application. The IJ determined that Montano was ineligible for cancellation of removal because he did not meet the requirement of seven years of continuous physical presence in the United States, as he only became an LPR in 2001 and his TPS period did not qualify as an “admission” to the United States.
On July 28, 2008, the BIA dismissed Montano’s appeal. Montano argued that, for the purposes of eligibility for cancellation of removal, his period of continuous physical presence in the United States should be tabulated from the time he received TPS. The BIA rejected this argument because the TPS period may be considered for the “continuous physical presence” calculation only if the Attorney General determines that extreme hardship exists. 8 U.S.C. § 1254a(e). Because Montano did not argue, or show, that such hardship existed, the BIA determined that he was statutorily ineligible for cancellation of removal as he could not establish more than two years of continual residence prior to his April 2003 arrest.[1]
The BIA also agreed with the IJ that Montano was ineligible for a waiver of inadmissibility because he did not file an application for an adjustment of status. See 8 U.S.C. § 1182(h). The BIA determined that the statute “does not provide for a ‘stand-alone’ waiver; and therefore [Montano] must submit an application for a ... waiver concurrently with an application for adjustment of status.”
Through counsel, Montano now petitions for review of the BIA’s final order of removal.
II.
We have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1), and will sustain the BIA’s determination if there is substantial evidence to support it. Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir.2003).
*646 Eligibility for cancellation of removal requires that a petitioner demonstrate that he or she has “(1) been ... lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony.” 8 U.S.C. § 1229b(a). Although Montano was granted TPS in 1992, the TPS statute states that “the period of such status shall not be counted as a period of physical presence in the United states for purposes of section 1229b(a) ..., unless the Attorney General determines that extreme hardship exists.” 8 U.S.C. § 1254a(e) (repealed 1996).
Montano argues that he did not receive a full and fair hearing as to his applications for relief because the IJ did not hear any testimony concerning his claim of extreme hardship, and thus that his due process rights were violated. We have jurisdiction over Montano’s due process claim under 8 U.S.C. § 1252(a)(2)(D). Due process in this context requires that a petitioner be provided with a full and fair hearing and a reasonable opportunity to present evidence. Romanishyn v. Att’y Gen., 455 F.3d 175, 185 (3d Cir.2006). To prevail on a procedural due process challenge, a petitioner must make an initial showing of substantial prejudice. Bonhometre v. Gonzales, 414 F.3d 442, 448 (3d Cir.2005). Thus, in order to prevail here, Montano must make a strong showing that if the IJ had taken testimony from him or his family, he likely would have found “extreme hardship” and granted Montano’s application for a waiver of inadmissibility.
Montano does not, however, indicate how his or his family’s testimony would have demonstrated such hardship other than to say that his removal has “caused exceptional and unusual hardship to his family members lawfully here in the United States.” Therefore, even assuming that the IJ erred by ruling on his application without taking testimony, Montano has failed to show that he was prejudiced by that decision. For this reason, Montano is not entitled to relief on his due process claim.
We also have jurisdiction to review legal and constitutional questions concerning Montano’s eligibility for a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(h)(2). See 8 U.S.C. § 1252(a)(2)(D). Eligibility for a waiver requires that “the Attorney general, in his discretion ..., has consented to the alien’s applying or reapplying for a visa, for admission to the United States, or adjustment of status.” 8 U.S.C. § 1182(h)(2). The BIA concluded that this language required Montano to file an application for an adjustment of status in conjunction with his waiver application. Because Montano did not and could not do so, he was ineligible for a waiver of inadmissibility.
Despite Montano’s argument to the contrary, In re Abosi, 24 I. & N. Dec. 204 (BIA 2007), supports the BIA’s determination that Montano could not succeed on an independent application for a waiver of inadmissibility. In Abosi, the BIA stated that 8 C.F.R. § 1245.1(f) — the adjustment of status regulation' — applies to aliens “in the United, States who are seeking to overcome a ground of inadmissibility and are required to file a concurrent application for adjustment of status in order to obtain a waiver.” 24 I. & N. Dec. at 205 (emphasis in original). Therefore, under the plain reading of the statute and the BIA’s interpretation of it in Abosi, substantial evidence supports the conclusion that as long as Montano was in the United States, he was barred from seeking a waiver of inadmissibility without also applying for a change of status.
*647 Montano also appears to argue that this interpretation of the statute denied him his right to equal protection of the laws, as Abosi also concluded that LPRs who are outside the United States and seek to return via a waiver of inadmissibility are not required to file a concurrent adjustment of status application. Id. We assess whether a statute’s requirements violate the equal protection component of the Due Process Clause under rational basis review. Arca-Pineda v. Att’y Gen., 527 F.3d 101, 105 (3d Cir.2008). In Klementanovsky v. Gonzales, the Seventh Circuit confronted a similar issue, and found that the requirements of 8 U.S.C. § 1182(h) did not violate the petitioner’s equal protection rights. 501 F.3d 788 (7th Cir.2007). The Seventh Circuit rejected the petitioner’s assertion that the statute made an improper distinction between persons who “have left the country and returned, and those who have stayed and applied for a ... waiver directly,” stating that:
[the] line that Congress has drawn is between those criminal aliens who seek to be admitted to the United States and those ... who are being deported from the United States. In the case of the former, a humanitarian waiver is available under § [1182(h) ]. In the case of the latter, Congress has conspicuously refused to include a provision for a discretionary waiver of deportability from the applicable statute.
Id. at 791-92 (emphasis in original).
As the Seventh Circuit opined, “[t]here are any number of rational grounds on which Congress could choose to draw a line between those who committed crimes before applying to enter the country (making them inadmissible) and those who have committed crimes since arriving (making them deportable).” Id. at 792. One such reason is that Congress may have wanted people who were convicted of certain crimes to remain outside the country while them applications for the waiver are considered. Id. at 792-93. The Seventh Circuit’s rationale in Klementanovsky is sound, and we find that Montano’s equal protection rights have not been violated.
For the foregoing reasons, we deny Montano’s petition for review.

. For purposes of cancellation of removal, any period of continuous physical presence ends when "the alien has committed an offense referred to in section 1182(a)(2) of this title that renders the alien inadmissible.” 8 U.S.C. § 1229b(d)(l).