# Matter of Giovanny RIVAS, Respondent

*Decided June 20, 2013*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A waiver of inadmissibility under section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h) (2006), is not available on a "stand-alone" basis to an alien in removal proceedings without a concurrently filed application for adjustment of status, and a waiver may not be granted nunc pro tunc to avoid the requirement that the alien must establish eligibility for adjustment.

FOR RESPONDENT: Claudia Del Castillo-Hronsky, Esquire, Miami, Florida

FOR THE DEPARTMENT OF HOMELAND SECURITY: Adam Weisholtz, Assistant Chief Counsel

BEFORE: Board Panel: GRANT, MALPHRUS, and MULLANE, Board Members.

GRANT, Board Member:

In a decision dated June 4, 2009, an Immigration Judge found the respondent removable and granted his request for a waiver under section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h) (2006). The Department of Homeland Security ("DHS") has appealed from that decision. During the pendency of the appeal, the respondent filed a motion to remand. The DHS's appeal will be sustained and the respondent's motion will be denied.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Colombia who was admitted to the United States as a lawful permanent resident on August 11, 1998. On January 22, 2001, he was convicted of petit larceny in Florida. He was convicted of the same offense on July 3, 2001.

At a hearing before the Immigration Judge, the respondent conceded that he is removable under section 237(a)(2)(A)(ii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(ii) (2006), as an alien who, any time after admission, has been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. He applied for a waiver of inadmissibility under section 212(h). The Immigration Judge determined that the respondent left the United States on several occasions after his

2001 convictions, reentered the country, and "at the time of his reentry was . . . inadmissible and was eligible for the 212(h) waiver," so he granted the respondent's waiver nunc pro tunc pursuant to *Matter of Sanchez*, 17 I&N Dec. 218 (BIA 1980). The DHS argues that the respondent can only qualify for a section 212(h) waiver if he also applies for adjustment of status, and since he is not eligible to adjust status, he is ineligible for the waiver.

## II. ANALYSIS

The Immigration Judge erred in granting the respondent a nunc pro tunc section 212(h) waiver on a "stand alone" basis, that is, without a concurrently filed adjustment application. The respondent is statutorily ineligible for the waiver because he is neither an arriving alien seeking to waive a ground of inadmissibility nor one seeking to waive inadmissibility in conjunction with an application for adjustment of status. *See* section 212(h) of the Act; 8 C.F.R. § 1245.1(f) (2013) (providing that an adjustment of status application is "the sole method of requesting the exercise of discretion under [section 212(h)] of the Act, as [it relates] to the inadmissibility of an alien in the United States").

The Immigration Judge relied on *Matter of Sanchez*, finding that the respondent, like the alien in that case, was not inadmissible at the time of his original entry but became inadmissible when he left the United States after being convicted and later returned. Because the respondent was not eligible for adjustment of status, the Immigration Judge granted the waiver nunc pro tunc.

The respondent's situation is different from that of the alien in *Sanchez* because he does not have a pending application for adjustment of status. *See id.* at 219–20, 224. In any case, subsequent to our decision in *Matter of Sanchez*, section 212(h) was amended in pertinent part by section 601(d)(4) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5076–77 (effective June 1, 1991). Prior to the amendment, section 212(h) provided a waiver for certain exclusion grounds where the "Attorney General . . . has consented to the alien's applying or reapplying *for a visa and for admission to the United States*." Section 212(h) of the Act, 8 U.S.C. § 1182(h) (1988) (emphasis added). The 1990 amendment stated that the waiver is available where the alien is applying or reapplying "*for a visa, for admission to the United States, or adjustment of status*." Section 212(h)(2) of the Act, 8 U.S.C. § 1182(h)(2) (Supp. II 1990) (emphasis added).[1]

---

[1]    Section 212(h) was also considerably altered by section 348(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-639, which limited the ability of certain lawful

(continued . . .)

On appeal, the respondent also cites *Matter of Abosi*, 24 I&N Dec. 204 (BIA 2007), which does not support his argument. In that case, we held that the alien, a lawful permanent resident who sought to return to the United States after a trip abroad, did not need to apply for adjustment of status in conjunction with his waiver request. *Id.* at 205–06. We determined that only an alien who was seeking a waiver from inside our borders was required to file an application for adjustment of status concurrently with a waiver request. Since the alien was an arriving alien seeking readmission, he did not have to establish eligibility for adjustment of status. The respondent, however, is in the country in removal proceedings and therefore must file a concurrent adjustment application in order to seek a waiver of the grounds of removal. *See* 8 C.F.R. § 1245.1(f); *see also Matter of Y-N-P-*, 26 I&N Dec. 10, 16 (BIA 2012) (stating that an inadmissible alien in removal proceedings can only file a section 212(h) waiver application concurrently with an application to adjust his status under section 245 of the Act, 8 U.S.C. § 1255 (2006), or one of the other regulatory provisions); *Matter of Bustamante*, 25 I&N Dec. 564, 567 (BIA 2011) (stating that the purpose of section 212(h) is to overcome a ground of inadmissibility "that would otherwise preclude an alien from obtaining admission or adjustment of status").

Our long-standing approach to defining the limits of section 212(h) relief has been affirmed by the courts of appeals as a reasonable construction of the statutory provisions. *See, e.g.*, *Cabral v. Holder*, 632 F.3d 886 (5th Cir. 2011); *Klementanovsky v. Gonzales*, 501 F.3d 788 (7th Cir. 2007); *Osuchukwu v. INS*, 744 F.2d 1136, 1139 n.7 (5th Cir. 1984) (citing *Matter of Bernabella*, 13 I&N Dec. 42 (BIA 1968)). Most recently, the United States Court of Appeals for the Eleventh Circuit held that a section 212(h) "stand-alone" waiver is not available to an alien in removal proceedings. *Poveda v. U.S. Att'y Gen.*, 692 F.3d 1168, 1177 (11th Cir. 2012) (stating that a lawful permanent resident may obtain a waiver "only if he is an applicant for admission or assimilated to the position of an applicant for admission by applying for an adjustment of status"). We conclude that the statute does not provide for an alien in removal

---

(. . . continued)

permanent residents to seek a waiver. *See Moore v. Ashcroft*, 251 F.3d 919, 925 (11th Cir. 2001). As the Eleventh Circuit noted, "Because of the rights and privileges [lawful permanent residents] enjoy, it is arguably proper to hold them to a higher standard and level of responsibility than illegal aliens." *Id.* Thus, according to the court, Congress may have rationally concluded that some lawful permanent residents were less deserving of relief from removal, given that their close ties to the United States and the significant benefits attendant to their status were insufficient to deter them from committing serious crimes. *Id.*

proceedings to obtain a "stand alone" waiver without an application for adjustment of status.

Given the clear statutory and regulatory language setting forth the eligibility requirements for discretionary relief under section 212(h), we also conclude that a nunc pro tunc waiver should not be available to avoid the requirement that an adjustment application must be concurrently filed with the waiver request. *See Fedorenko v. United States*, 449 U.S. 490, 517–18 (1981) (holding that courts are without equitable power to moderate or avoid statutory mandates of the immigration laws). We recognize that nunc pro tunc relief has historically been applied in the context of certain waiver applications. For example, the Immigration Act of February 5, 1917, ch. 29, 39 Stat. 874, contained the "7th Proviso to section 3," which allowed nunc pro tunc relief. So did its statutory descendant, former section 212(c) of the Act, 8 U.S.C. § 1182(c) (1994), which was enacted by the Immigration and Nationality Act of 1952, ch. 477, 66 Stat. 163. *Matter of S-*, 6 I&N Dec. 392, 393 (BIA 1954; A.G. 1955).

In *Matter of L-*, 1 I&N Dec. 1 (BIA, A.G. 1940), it was determined that discretion could be exercised nunc pro tunc to place an alien back into the position of an arriving alien where his previous crime had made him inadmissible prior to his travels abroad and return to the United States. The Attorney General reasoned that the respondent should have been afforded the opportunity to apply for a discretionary waiver in deportation proceedings because relief would have been available in exclusion proceedings had immigration officials considered the unconcealed evidence of the respondent's prior conviction upon his reentry. *Id.* at 5–6.

However, the Supreme Court found that this approach also created a peculiar "asymmetry" because "[d]eportable aliens who had traveled abroad and returned could receive § 212(c) relief, while those who had never left could not." *Judulang v. Holder*, 132 S. Ct. 476, 480 (2011). Thus, granting nunc pro tunc relief was not just a mere "correction of a record of entry," *Matter of L-*, 1 I&N Dec. at 6, but rather was a violation of equal protection. *Judulang v. Holder*, 132 S. Ct. at 480 (citing *Francis v. INS*, 532 F.2d 268 (2d Cir. 1976)); *Matter of Silva*, 16 I&N Dec. 26 (BIA 1976).

While nunc pro tunc relief has been found to be available to grant certain waiver applications, it should only rarely be employed to fill a "gap" in statutory criteria. The Act, as it has been revised in recent years, is far more precise regarding the eligibility criteria for a section 212(h) waiver. The argument against extending nunc pro tunc relief is therefore especially strong where, as in this case, the claimed inequality of treatment for different aliens convicted of the same offense is "inherent in the statutory

scheme created by Congress." *Matter of Gonzalez-Camarillo*, 21 I&N Dec. 937, 942 (BIA 1997).[2]

Furthermore, we agree with the Eleventh Circuit's conclusion that after the amendments to section 212(h), eligibility for a waiver does not turn on a criminal alien's "international travel," but rather on whether he seeks admission to the United States or the DHS seeks to remove him. *Poveda v. U.S. Att'y Gen.*, 692 F.3d at 1177. As the court noted, "After 1996, a lawful permanent resident may obtain the waiver only if he is an applicant for admission or assimilated to the position of an applicant for admission by applying for an adjustment of status." *Id.* As a general rule, the only way that an alien seeking section 212(h) relief in removal proceedings can be "assimilated to the position of an alien outside the United States" is to concurrently apply for adjustment of status. *Cabral v. Holder*, 632 F.3d 887, 891 (5th Cir. 2011) (quoting *Jankowski-Burczyk v. INS*, 291 F.3d 172, 175 n.2 (2d Cir. 2002)) (internal quotation marks omitted).

As both the Seventh and Eleventh Circuits have determined, Congress could rationally distinguish between aliens who seek to be readmitted to the United States, such as the alien in *Matter of Abosi*, and those, like the respondent, who are in the country following a lawful admission but who are removable because they subsequently violated our criminal laws. *Poveda v. U.S. Att'y Gen.*, 692 F.3d at 1177–78; *Klementanovsky v. Gonzales*, 501 F.3d at 792-93; *Moore v. Ashcroft*, 251 F.3d 919, 925 (11th Cir. 2001). By amending the statute, Congress intended to require aliens in removal proceedings in the United States to apply for adjustment in conjunction with a section 212(h) waiver. This intent would not be effectuated if a waiver is granted nunc pro tunc to avoid the requirement that the alien must establish eligibility for adjustment of status.

We conclude that since the statute does not provide for a "stand alone" waiver under section 212(h) without an application for adjustment of status, granting a waiver nunc pro tunc would violate the plain language of the statute and the intent of Congress. *See Poveda v. U.S. Att'y Gen.*, 692 F.3d at 1177–78. Our precedent issued prior to the 1990 and 1996 amendments to section 212(h), including *Matter of Sanchez*, is therefore no longer valid. Section 212(h), as amended, does not permit an alien in the respondent's situation to apply for a waiver given his ineligibility for adjustment of

---

[2] There has long been an administrative practice to grant nunc pro tunc relief only in limited circumstances. *Matter of Garcia*, 21 I&N Dec. 254, 257–59 (BIA 1996) (holding that nunc pro tunc permission to reapply for admission is not available unless all grounds of deportability or inadmissibility are eliminated); *Matter of Roman*, 19 I&N Dec. 855, 859–60 (BIA 1988) (finding that the alien could not combine eligibility for nunc pro tunc permission to reapply for admission and a waiver of inadmissibility where she was not separately eligible for either form of relief).

status. Because the Immigration Judge erred in granting the respondent's request for a section 212(h) waiver nunc pro tunc without an application for adjustment of status, the DHS's appeal will be sustained and the decision of the Immigration Judge will be vacated.

During the pendency of this appeal, the respondent submitted a motion to remand, claiming that he is no longer removable based on *Ramos v. U.S. Attorney General*, 709 F.3d 1066 (11th Cir. 2013), a new Eleventh Circuit decision holding that a shoplifting offense under Georgia law was not an aggravated felony theft offense. He argues that the holding in *Ramos* precludes his petit larceny offenses from being classified as categorical crimes of theft or crimes involving moral turpitude and that he is therefore no longer removable. However, we do not agree that this decision announced new law that would warrant a remand for further proceedings.

Motions to remand, like motions to reopen, are discretionary in nature, and the requirements for a motion to remand are essentially the same as for a motion to reopen. *Matter of Rajah*, 25 I&N Dec. 127, 138 (BIA 2009); *see also Matter of Barocio*, 19 I&N Dec. 255, 256–57 (BIA 1985).

The respondent conceded removability through counsel below, and no argument has been presented that this concession should not be binding. *See Matter of Velasquez*, 19 I&N Dec. 377, 382 (BIA 1986). Moreover, the Eleventh Circuit's decision in *Ramos* directly followed its prior holding in *Jaggernauth v. U.S. Attorney General*, 432 F.3d 1346 (11th Cir. 2005), which related to the Florida law under which the respondent was convicted. The issue in both *Ramos* and *Jaggernauth* was whether the petitioners were removable for aggravated felony theft offenses, and neither decision addressed whether the petitioners were removable for crimes involving moral turpitude, which is the issue in the case before us. Furthermore, *Jaggernauth* was decided prior to the respondent's hearing before the Immigration Judge and therefore could have been raised at that time. *See Matter of Coelho*, 20 I&N Dec. 464, 472 (BIA 1992); 8 C.F.R. § 1003.2(c)(1) (2013) (providing that motions require a showing that the evidence offered was not available and could not have been presented at the prior hearing). Under these circumstances, we do not find that it is appropriate to remand the record in this case, and we will therefore deny the motion to remand.

Because the respondent has not established eligibility for adjustment of status or any other relief from removal, the DHS's appeal will be sustained. The respondent will be ordered removed from the United States.

**ORDER:** The appeal of the Department of Homeland Security is sustained.

**FURTHER ORDER:** The respondent's motion to remand is denied.

**FURTHER ORDER:** The respondent is ordered removed from the United States to Colombia.