[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13234
Non-Argument Calendar
_____

Agency No. A024-690-603

SHADE MUSIBAU LAWAL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 24, 2015)

Before TJOFLAT, HULL and ROSENBAUM, Circuit Judges.

PER CURIAM:

Shade Lawal, a native and citizen of Nigeria, petitions this court to review the final order of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") denying his application for a waiver of inadmissibility under the Immigration and Nationality Act ("INA") § 212(h), 8 U.S.C. § 1182(h), and ordering his removal.  In support of his petition, Lawal argues that the BIA erred in applying its decision in *Matter of Rivas*, 26 I. & N. Dec. 130 (BIA 2013), which was decided after Lawal's case had already commenced.  As Lawal acknowledges, our prior panel precedent in *Rivas v. U.S. Atty Gen.*, 765 F.3d 1324 (11th Cir. 2014), forecloses his argument that *Matter of Rivas* was wrongly decided.  *See* Pet'r's Br. 34 n.12.  And if *Matter of Rivas* does in fact apply, Lawal does not contest that his petition must be denied.  The only question Lawal asks us to address, then, is whether the BIA erred in applying *Matter of Rivas* retroactively.  *See id.* at 22–34.

## I.

We review legal conclusions *de novo*.  *Lin v. U.S. Att'y Gen.*, 555 F.3d 1310, 1314 (11th Cir. 2009).  We review only the decision of the BIA, except to the extent the BIA expressly adopted the opinion of the IJ.  *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015).

2

II.

A.

The government draws our attention to *Yu v. U.S. Att'y Gen.*, 568 F.3d 1328 (11th Cir. 2009) (per curiam), as supporting the BIA's retroactive application of *Matter of Rivas*. Yu had applied for automatic refugee status pursuant to INA § 101(a)(42), 8 U.S.C. § 1101(a)(42), during removal proceedings that began in October 2003, claiming that the Chinese government would persecute him by forcing his wife to undergo sterilization, abortion, or invasive insertion of a contraceptive device. *Yu*, 568 F.3d at 1329. The IJ found that Yu was not credible and denied his claims for asylum, withholding of removal, and relief under the United Nations Convention Against Torture. *Id.* The BIA dismissed Yu's appeal, reasoning that, regardless of the credibility finding, the case was governed by the intervening precedential decision of *Matter of J-S-*, 24 I. & N. Dec. 520 (A.G. 2008).

In *Matter of J-S-*, the Attorney General directed the BIA "to refer to him," 8 C.F.R. § 1003.1(h)(1)(i),[1] the BIA's decision in a case concerning whether INA § 101(a)(42), enacted in 1996, conferred automatic refugee status on the spouses of persons who had been subjected to forced abortion or sterilization pursuant to a

---

[1] "[T]he Attorney General retains the authority to review final decisions of the BIA, either upon the Attorney General's initiative or by request." *Farquharson v. U.S. Atty. Gen.*, 246 F.3d 1317, 1323 n.7 (11th Cir. 2001).

foreign government's population control.  24 I. & N. Dec. at 521.  In 1997 and 2006, the BIA had held that § 101(a)(42) conferred such status on a spouse, but the Attorney General had not yet addressed those decisions in an opinion.  *Id.*  Based on the text, structure, history, and purpose of the statute, the Attorney General overruled these prior cases to the extent they held that spouses were entitled to automatic refugee status under § 101(a)(42).  *Id.* at 523–36; *id.* at 537 ("[F]rom now on, the Board and Immigration Judges shall cease to apply the per se rule of spousal eligibility . . . ." (footnote omitted)).

Yu argued that the BIA's retroactive application of *Matter of J-S-* violated his due-process rights and that previous BIA decisions entitled him to automatic refugee status.  *Yu*, 568 F.3d at 1330.  We noted that the BIA had previously interpreted § 101(a)(42) as applying to legally married spouses.  *Id.* at 1330–31.  Applying *Chevron* analysis, we held that the language of the statute clearly and unambiguously supported the Attorney General's interpretation, and that even if the meaning of the statute was somehow ambiguous, the Attorney General's interpretation was reasonable and therefore entitled to deference.  *Id.* at 1331–33.

In so doing, we specifically rejected Yu's contention that the BIA's decision involved an improper retroactive application of *Matter of J-S-*.  *Id.* at 1333.  We stated that "[t]he BIA did not retroactively apply a new law but instead applied the Attorney General's determination of what the law had *always* meant."

4

*Id.* (quotation marks omitted).  The Attorney General's ruling in *Matter of J-S-* did not change the law, and the fact that the BIA had previously construed the statute differently did not prevent the Attorney General from determining otherwise.  The BIA properly applied *Matter of J-S-* to Yu's case because, once the decision was issued, it "became the controlling interpretation of the law and was entitled to full retroactive effect in all cases still open on direct review, regardless of whether the events predated the Attorney General's decision."  *Id.* at 1334.  Although the decision may have prevented Yu from succeeding in his application, it did not impair any vested right, but merely upset his expectations based on prior law.  *Id.*

### B.

We conclude that the BIA did not retroactively apply a new rule of law to Lawal's case.  The BIA's decision in *Matter of Rivas* was based on amendments to INA § 212(h) that took effect in the 1990s, *see Matter of Rivas*, 26 I. & N. Dec. at 131, before Lawal was convicted of the relevant crimes, left and returned to the United States, or filed his application for waiver of grounds of admissibility.  The BIA's decision in *Matter of Rivas* did not change the law; rather, it clarified what the law under § 212(h) had been during the entire timeframe relevant to Lawal's case.  *Id.* at 134–35.  Once the BIA issued *Matter of Rivas*, that interpretation became the controlling interpretation of the law and was entitled to full effect in all cases still open on direct review, such as Lawal's.  *See Yu*, 568 F.3d at 1334.

Lawal suggests that when we found that the language of the statute in *Yu* was unambiguous, this finding rendered all subsequent discussion dicta because automatic refugee status was unavailable even without *Matter of J-S-*'s retroactive application.  But we alternatively held that *Matter of J-S-* was a reasonable interpretation of the statute even if it was ambiguous and that its retroactive application did not violate due process.  *See id.* at 1333–34.  An alternative holding is binding precedent.  *See Hitchcock v. Sec'y, Fla. Dep't of Corr.*, 745 F.3d 476, 484 n.3 (11th Cir. 2014) (collecting cases).

Accordingly, we deny the petition for review.

PETITION DENIED.