**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2882
_____

CORNEL BONITO CAMERON,
                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A096-641-817)
Immigration Judge:  Honorable Walter A. Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 16, 2016
Before:  CHAGARES, KRAUSE and GREENBERG, Circuit Judges

(Opinion filed: February 17, 2016 )
_____

OPINION[*]
_____

PER CURIAM

        Cornel Bonito Cameron, proceeding pro se, petitions for review of the Board of

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Immigration Appeals' final order of removal. For the following reasons, we will deny the petition for review.

## I.

Cameron is a citizen of Jamaica who entered the United States in 1999 as a non-immigrant visitor. He later married a United States citizen and adjusted his status to that of a lawful permanent resident. On March 18, 2014, Cameron was convicted of two counts of Use of a Telephone to Facilitate the Commission of a Drug Trafficking Felony, in violation of 21 U.S.C. § 843(b). In light of this conviction, the Department of Homeland Security (DHS) charged him with removability for having been convicted of an aggravated felony, in violation of 8 U.S.C. § 1227(a)(2)(A)(iii), and a controlled substance offense, in violation of 8 U.S.C. § 1227(a)(2)(B)(i). Cameron admitted the allegations in the Notice to Appear, but moved to terminate the removal proceedings on the ground that he was eligible for cancellation of removal under 8 U.S.C. § 1229b(a).

On May 12, 2015, following a hearing, an Immigration Judge (IJ) found Cameron removable as charged on account of his 2014 conviction. The IJ further found that he was not eligible for any form of relief from removal, and denied the motion to terminate. Cameron appealed to the Board of Immigration Appeals (BIA or Board), but the BIA affirmed the IJ's findings and dismissed the appeal.

Cameron now petitions for review of the BIA's order.

## II.

We generally have jurisdiction to review final orders of removal. See 8 U.S.C.

2

§ 1252(a)(1). In this case, however, because the agency found Cameron removable for having been convicted of an aggravated felony and controlled substance offense, our jurisdiction is limited to reviewing constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(C)-(D); Borrome v. Att'y Gen., 687 F.3d 150, 154 (3d Cir. 2012). We review such claims and questions de novo. See Mudric v. Att'y Gen., 469 F.3d 94, 97 (3d Cir. 2006). When, as in this case, the BIA agrees with the IJ's analysis and adds analysis of its own, we review the decisions of both the BIA and the IJ. See Sandie v. Att'y Gen., 562 F.3d 246, 250 (3d Cir. 2009).

III.

Cameron first challenges the BIA's determination that his conviction for using a telephone to facilitate a drug-trafficking offense, in violation of 21 U.S.C. § 843(b), constitutes an "aggravated felony" within the meaning of 8 U.S.C. § 1227(a)(2)(A)(iii).[1] Upon review, we conclude that the BIA properly determined that Cameron's conviction for this federal drug offense is an aggravated felony. A conviction qualifies as an aggravated felony if it is for a crime that is punishable under the Controlled Substances Act (CSA), see § 1101(a)(43)(B); 18 U.S.C. § 924(c)(2), and for which more than one year of imprisonment may be imposed, see Lopez v. Gonzales, 549 U.S. 47, 56 n.7 (2006). "The upshot is that a noncitizen's conviction of an offense that the [CSA] makes punishable by more than one year's imprisonment will be counted as an 'aggravated

---

[1] Cameron does not challenge the agency's determination that he is also removable under 8 U.S.C. § 1227(a)(2)(B)(i) for having been convicted of a controlled substance offense.

3

felony' for immigration purposes." Moncrieffe v. Holder, 133 S. Ct. 1678, 1683 (2013).

Cameron's conviction clearly meets these requirements, as § 843 is part of the CSA, and

prescribes a maximum penalty of four years.[2] 21 U.S.C. § 843(d); see also Khan v.

Ashcroft, 352 F.3d 521, 522 (2d Cir. 2003) (noting that a violation of 21 U.S.C. § 843(b)

is an aggravated felony within the meaning of the INA). Thus, the IJ and BIA correctly

concluded that Cameron's conviction qualifies as an aggravated felony under the INA.[3]

Cameron next challenges the agency's determination that he was ineligible for a

discretionary grant of cancellation of removal under 8 U.S.C. § 1229b(a). As the BIA

correctly noted, however, in order to qualify for such relief, Cameron was required to

show that he has *not* been convicted of an aggravated felony. See 8 U.S.C.

§ 1229b(a)(3); see also Garcia v. Att'y Gen., 462 F.3d 287, 291 (3d Cir. 2006) ("An alien

who has been convicted of an aggravated felony is ineligible for most types of relief

provided by the INA, such as *cancellation of removal*, asylum, and withholding of

---

[2] Cameron contends that the IJ erred in relying on "conflicting" information contained in the Pre-sentence Investigation Report (PSR) to determine that he had been convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). Contrary to Cameron's contention, however, the record reflects that the IJ relied exclusively on the Judgment from the United States District Court for the District of Connecticut in making this determination, and that Judgment clearly reflects that Cameron pleaded guilty to two counts under 21 U.S.C. § 843(b). (AR000128.)

[3] In challenging the agency's determination that his conviction is an "aggravated felony," Cameron relies heavily on the Supreme Court's decision in Moncrieffe v. Holder, 133 S. Ct. 1678 (2013), and this Court's decision in Gerbier v. Holmes, 280 F.3d 297 (3d Cir. 2002). The question in those cases, however, was whether the alien's *state* conviction was an aggravated felony under the INA. Because Cameron's conviction here was instead for a federal offense under the CSA, these cases are inapposite.

removal.") (emphasis added) (citations omitted). As discussed above, Cameron's conviction was for an aggravated felony. Therefore, the IJ and BIA correctly determined that he was ineligible for cancellation of removal.

Finally, Cameron challenges the BIA's determination that the IJ afforded him all the process he was due at his removal hearing. Specifically, Cameron contends that the IJ violated his due process rights by failing to advise him that he could seek relief from removal under INA § 212(h). Notably, however, that section provides the Attorney General with discretion to waive certain grounds of *inadmissibility*, not grounds of *deportability*.[4] See 8 U.S.C. § 1182(h). Thus, an alien like Cameron who is in removal proceedings may not obtain a § 212(h) waiver unless he is concurrently seeking to adjust his status. See In re Rivas, 26 I. & N. Dec. 130, 132-33 (BIA 2013) ("[The INA] does not provide for an alien in removal proceedings to obtain a 'stand alone' waiver without an application for adjustment of status."); 8 C.F.R. § 1245.1(f) ("[A]n application [for adjustment of status] shall be the sole method of requesting the exercise of discretion under sections 212(g), (h), (i), and (k) of the Act, as they relate to the inadmissibility of an alien in the United States."); see also Poveda v. Att'y Gen., 692 F.3d 1168, 1177 (11th Cir. 2012) (explaining that a lawful permanent resident may obtain a waiver "only if he is an applicant for admission or assimilated to the position of an applicant for admission by

---

[4] Specifically, § 212(h) provides in pertinent part that the Attorney General may waive certain grounds of inadmissibility if an alien establishes that his departure from the United States would cause hardship to a spouse, parent, son, or daughter who is a United States citizen or lawful permanent resident. 8 U.S.C. § 1182(h)(1)(B).

5

applying for an adjustment of status").  In this case, Cameron did not apply for

adjustment of status and nothing in the record suggests that he had any basis to do so; as

the Government correctly notes, Cameron testified at the hearing that he is not currently

married, and he has never alleged that he has any family or employer-based means to

adjust his status.  See generally 8 U.S.C. § 1255.  Under these circumstances, we do not

fault the IJ for failing to advise him of this potential avenue for relief.[5]  Cf. Bonhometre

v. Gonzales, 414 F.3d 442, 448 (3d Cir. 2005) (noting BIA authority for the proposition

that "[a]n IJ has a duty to inform aliens of potential forms of relief for which they are

apparently eligible"); see also Delgado-Sobalvarro v. Att'y Gen., 625 F.3d 782, 787 (3d

Cir. 2010) ("To establish a violation of due process, the petitioner[] must show that

substantial prejudice resulted from the alleged procedural errors.").

For the foregoing reasons, we will deny the petition for review.

---

[5] On appeal, Cameron contends that the IJ and BIA erred in holding that his aggravated
felony conviction renders him statutorily ineligible for a § 212(h) waiver.  To the extent
that the agency's decisions can be read as so holding, we agree with Cameron that the
aggravated felony bar in § 212(h) does not apply to him because he has never been
"admitted" to the United States "as an alien lawfully admitted for permanent residence."
See Hanif v. Att'y Gen., 694 F.3d 479, 487 (3d Cir. 2012) (holding that § 212(h)
precludes a waiver only for those persons who had attained the status of lawful
permanent resident at the time they lawfully entered into the United States).  But, for the
reasons set out in the text, he nonetheless may not obtain a § 212(h) waiver.