NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 15-3524 and 15-3721
_____

NAVEED ALI BHINDER,
AKA Naveed Ali Bhindar,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
BIA No. A070-777-836
(U.S. Immigration Judge: Honorable Walter A. Durling)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 10, 2016

Before:  CHAGARES, KRAUSE, and SCIRICA, *Circuit Judges*.

(Filed: July 5, 2016)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge.*

Petitioner Naveed Ali Bhinder petitions for review of two consolidated decisions of the Board of Immigration Appeals denying his motion for waiver of inadmissibility and denying his motion to reopen proceedings. For the reasons that follow, we will deny the petition for review.

## I.

Bhinder is a citizen of Pakistan who has resided in the United States as a lawful permanent resident since 2003.[1] He obtained his status as a lawful permanent resident after marrying Nailia Qureshi, an American citizen, who filed a Form I-130 on his behalf. Bhinder and Qureshi have no children.

Bhinder pled guilty in 2010 to money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i).[2] This is a crime classified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(D),[3] and an Immigration Judge ("IJ") determined Bhinder was an alien convicted of an aggravated felony. The BIA upheld the IJ's determination that Bhinder was an aggravated felon. Because Bhinder is an alien convicted of an aggravated felony, the Department of Homeland Security initiated removal proceedings against him in 2011.[4] Bhinder contested the removal charges by filing an application for withholding of removal under 8 U.S.C. § 1231(b)(3) and protection under the Convention Against

---

[1] He was paroled into the United States in 1997.

[2] Bhinder was sentenced to 70 months' imprisonment and ordered to pay restitution.

[3] The amount of money Bhinder was convicted of laundering exceeded $10,000.

[4] The Department of Homeland Security also sought to remove Bhinder on grounds that his conviction was a crime involving moral turpitude, *see* 8 U.S.C. § 1227(a)(2)(A)(i)(I), but the IJ rejected this ground for deportation and it was not appealed.

Torture.   In 2012 the IJ ordered Bhinder removed from the United States under 8 U.S.C. § 1227(a)(2)(A)(iii).  The BIA affirmed this order in January, 2013.[5]

Bhinder did not appeal the BIA's 2013 order.  Instead he sought reopening of his case so he could apply for an inadmissibility waiver under 8 U.S.C. § 1182(h) in conjunction with an application for an adjustment of status[6] and for further consideration of his Convention Against Torture claim.  After the BIA initially denied his request to reopen on grounds that Bhinder was an aggravated felon,[7] that he failed to "establish[e] prima facie eligibility for [Convention Against Torture] protection," and that he failed to comply with procedural requirements in 8 C.F.R. § 1003.2(c)(1), we granted Bhinder's motion to remand back to the BIA to re-evaluate his compliance with the regulations governing reopening procedures in 8 C.F.R. § 1003.2.  Upon re-consideration, the BIA granted his request in 2014.  The BIA permitted him to apply for an adjustment of status and a waiver of inadmissibility under section 1182(h).[8]  The record is not clear, but Bhinder appears to have abandoned his Convention Against Torture claim during

---

[5] Bhinder does not contest his conviction or its classification as an "aggravated felony" on appeal to us.

[6] An application for a waiver of inadmissibility must be accompanied by an application for adjustment of status for an alien in removal proceedings.  *See Matter of Rivas*, 26 I. & N. Dec. 130, 132-33 (BIA 2013).

[7] An alien who has committed an aggravated felony while in the United States as a lawful permanent resident is statutorily precluded from receiving a waiver of inadmissibility.  8 U.S.C. § 1182(h)(2) ("No waiver shall be granted under this subsection in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if . . . since the date of such admission the alien has been convicted of an aggravated felony.").

[8] We are uncertain why the BIA permitted further consideration of Bhinder's waiver of inadmissibility claim because his undisputed status as an aggravated felon precludes him outright from receiving a waiver.  8 U.S.C. § 1182(h)(2).  Bhinder did not challenge his statutory eligibility for a waiver before the Board, and he does not challenge his eligibility on appeal to us.

remand, leaving his waiver of inadmissibility claim as his only remaining claim.

The matter was remanded to the IJ who scheduled a hearing on the merits of the waiver of inadmissibility—whether deportation would cause "extreme hardship" to Qureshi, Bhinder's wife. *See* 8 U.S.C. § 1182(h)(1)(B) (permitting in certain situations a waiver of inadmissibility where an alien can demonstrate extreme hardship to a qualifying relative). Bhinder sought a continuance seeking additional time to complete a medical examination, but the IJ denied the request.[9] The IJ reasoned if Bhinder prevailed on the merits of his waiver of inadmissibility request and established extreme hardship for his wife, he could then undergo a medical examination to ensure he did not have a health condition described in 8 U.S.C. § 1182(a)(1). But if he did not prevail on the merits, a medical examination would be unnecessary. Proceeding to the merits, the IJ denied Bhinder's request for waiver of inadmissibility, ruling he failed to establish "extreme hardship" to Qureshi as his qualifying relative. In his decision, the IJ cited the applicable standards governing evaluation of extreme hardship and said he "consider[ed] everything, whether referenced in [his] oral decision or not, and as reflected in the current record." The IJ also took extensive note of Qureshi's depression and other medical issues.

Bhinder then filed a motion to reopen proceedings, seeking to present purportedly new evidence from a psychologist probative of extreme hardship to his wife. The IJ

---

[9] 8 C.F.R. § 1245.5 requires applicants for an adjustment of status "to have a medical examination by a designated civil surgeon." The regulation states that part of the purpose of this requirement is to ensure compliance with 8 U.S.C. § 1182(a)(1), a statute which provides certain health-related grounds for inadmissibility. In other words, the requirement for a medical examination ensures there are no health-related grounds for inadmissibility.

rejected this motion, ruling Bhinder failed to show the evidence "could not have been discovered or presented at the former hearing." In separate orders, the BIA affirmed the IJ's decision to deny Bhinder a waiver of inadmissibility and to deny his motion for reopening to present additional psychological evidence about Qureshi's condition. Bhinder timely appealed these orders to us in late 2015, and we consolidated them for review.

## II.

8 U.S.C. § 1252 provides us with jurisdiction to review final orders of removal by the BIA. However, this statute contains jurisdiction-stripping provisions which severely curtail our jurisdiction in many instances, including review of discretionary orders by the BIA and final orders of removal against criminal aliens. 8 U.S.C. § 1252(a)(2)(B) and (C). Because Bhinder is an alien convicted of an aggravated felony, we do not have jurisdiction to review the BIA's order against him unless he alleges "colorable" legal or constitutional challenges.[10] 8 U.S.C. § 1252(a)(2)(D); *Pareja v. Att'y Gen.*, 615 F.3d 180, 186 (3d Cir. 2010).

"To determine whether a claim is colorable, we ask whether 'it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.'" *Pareja*, 615 F.3d at 186 (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006)). "A party cannot confer jurisdiction on this Court where none exists simply by attaching a particular label to the claim raised in a petition for review."

---

[10] Although we have jurisdiction to determine "whether a particular offense qualifies as an aggravated felony under the definition set forth in 8 U.S.C. § 1101(a)(43)," *see Jarbough v. Att'y Gen.*, 483 F.3d 184, 189 (3d Cir. 2007), Bhinder does not appeal the Board's determination of his status as an alien convicted of an aggravated felony.

5

*Cospito v. Att'y Gen.*, 539 F.3d 166, 170 (3d Cir. 2008). "We are not bound by the label attached by a party to characterize a claim and will look beyond the label to analyze the substance of a claim." *Jarbough*, 483 F.3d at 189.

We conclude we do not have jurisdiction to review Bhinder's petition because he does not allege colorable legal or constitutional claims. Accordingly we will deny his petition.[11]

### III.

Bhinder first contends the IJ erred in its evaluation of "extreme hardship" by considering relevant factors individually rather than in the aggregate, as required by *In re O-J-O-*, 21 I. & N. Dec. 381, 383 (BIA 1996) ("Relevant factors, though not extreme in themselves, must be considered in the aggregate in determining whether extreme hardship exists.") (quoting *Matter of Ige*, 20 I. & N. Dec. 880, 882 (BIA 1994). But a charge that an IJ "simply looked at individual factors rather than provide an evaluation of the factors in the aggregate . . . do[es] not raise constitutional claims or questions of law." *Cospito*, 539 F.3d at 170 (internal quotation marks and citation omitted). Instead, this type of claim "amount[s] to nothing more than 'quarrels over the exercise of discretion and the correctness of the factual findings reached by the agency.'" *Id.* (quoting *Emokah v. Mukasey*, 523 F.3d 110, 119 (2d Cir. 2008)). "[C]ourts have recognized arguments such as that an Immigration Judge or the BIA incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law under

---

[11] Because we always have jurisdiction to determine our own jurisdiction, we will consider Bhinder's claims insofar as necessary to determine our jurisdiction. *Alaka v. Att'y Gen.*, 456 F.3d 88, 94 n.8 (3d Cir. 2006). We review these questions *de novo*. *Id.*

§ 1252(a)(2)(D)." *Jarbough*, 483 F.3d at 189. Accordingly Bhinder's contention does not rise to the level of a colorable constitutional or legal claim and we do not have jurisdiction to review it. 8 U.S.C. § 1252(a)(2)(C) and (D).[12]

Bhinder's second contention is that his right to due process under the Fifth Amendment of the U.S. Constitution was violated because the IJ denied his motion for a continuance of the hearing on his inadmissibility waiver, thereby preventing him from submitting evidence of a medical evaluation. "The denial of a motion for a continuance is discretionary" and we have "no jurisdiction to review discretionary and factual determinations presented in petitions for review," even when they are couched as constitutional violations. *Rachak v. Att'y Gen.*, 734 F.3d 214, 216-17 (3d Cir. 2013); *see Sukwanputra v. Gonzales*, 434 F.3d 627, 634 (3d Cir. 2006).

Bhinder's claim of a constitutional violation is legally frivolous. "Petitioners alleging 'constitutional claims' under § 1252(a)(2)(D) must, as a threshold, state a colorable violation of the United States Constitution." *Jarbough*, 483 F.3d at 189. "Due process challenges to deportation proceedings require an initial showing of substantial prejudice." *Khan v. Att'y Gen.*, 448 F.3d 226, 236 (3d Cir. 2006) (quoting *Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997)). In other words, Bhinder "must show that he was prevented from reasonably presenting his case." *Id.* (quoting *Uspango v. Ashcroft*, 289

---

[12] We reject Bhinder's claim that he is in reality "challeng[ing] the agency's interpretation of the statute and thus presents a claim over which this court has jurisdiction." Petitioner's Br. at 35. This is not a challenge involving "a specific issue of statutory construction" or a challenge raising the "nondiscretionary question whether the BIA's binding legal standards are correct." *Pareja*, 615 F.3d at 187. Instead, it merely challenges the application of a standard and how the IJ weighed the evidence of extreme hardship.

7

F.3d 226, 231 (3d Cir. 2002)). Bhinder has not even attempted to show the IJ's denial of a continuance prejudiced him or "prevented [him] from reasonably presenting his case." *Id.* On the contrary, the medical examination did not relate to the merits hearing and was irrelevant to the issue of "extreme hardship." Had Bhinder prevailed on the merits of his request for a waiver of inadmissibility, he would have been able to submit a medical evaluation.[13] Accordingly, "we lack jurisdiction to review the agency's denial of a continuance." *Rachak*, 734 F.3d at 217; *see* 8 U.S.C. § 1252(a)(2)(C) and (D).

Bhinder's final contention is that the BIA erred in affirming the denial of his motion to reopen proceedings so he could present purportedly new evidence from a psychologist concerning the mental state of Qureshi. *See* 8 C.F.R. § 1003.23(b)(3) (requiring "new facts" that are "supported by affidavits" to accompany a motion to reopen and explicitly stating the IJ "has discretion to deny a motion to reopen even if the moving party has established a prima facie case for relief"). Specifically Bhinder contends the BIA misinterpreted 8 U.S.C. § 1229a(c)(7)(B) by requiring him to submit affidavits from him or his wife in support of the motion.

The record does not support this contention. In its decision, the BIA explicitly stated "[w]e adopt and affirm the Immigration Judge's decision for the reasons stated therein."[14] The IJ concluded the evidence from the psychologist concerning Qureshi's

---

[13] We note in passing the IJ did not restrict Bhinder's ability to undergo a medical evaluation and in fact reminded him and his lawyer numerous times that he should receive a medical evaluation. Bhinder failed to obtain a medical evaluation, but when the time for the merits hearing approached, he sought to use that failure as a reason for seeking a continuance.

[14] The BIA observed in passing that "neither the respondent nor his wife has submitted an affidavit explaining why the evidence could not have been obtained at an earlier time."

8

mental state was not new, and that such evidence was already presented and considered at the hearing on extreme hardship. The IJ further concluded there was nothing in the psychologist's report that "could not have been discovered or presented at the former hearing."

Bhinder's contention that the BIA required him to submit affidavits from him or his wife is completely unsupported and is "wholly insubstantial and frivolous." *Pareja*, 615 F.3d at 186 (quoting *Arbaugh*, 546 U.S. at 513 n.10). Accordingly it does not rise to the level of a colorable legal or constitutional challenge, and we lack jurisdiction to review the claim. 8 U.S.C. § 1252(a)(2)(C) and (D).[15]

## IV.

For the reasons stated above, we will deny the petition for review for lack of jurisdiction.

---

But this statement was clearly not the reason underpinning the BIA's decision to affirm the IJ.

[15] We note all of Bhinder's claims arise from the IJ's adjudication of his request for a waiver of inadmissibility based on extreme hardship to Qureshi—an adjudication he was not entitled to under 8 U.S.C. § 1182(h). Bhinder does not challenge his status as an aggravated felon, nor does he contest his statutory ineligibility for a waiver under 8 U.S.C. § 1182(h). As such, he is statutorily mandated as someone ineligible to receive a waiver, and his claims of legal error arise from proceedings he is not entitled to and which apparently were conducted by the IJ and the BIA in error. We doubt such claims can ever rise to the level of colorable legal or constitutional claims because he had no right to the underlying proceedings or the relief being sought.