**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABIGAIL J. ALFANO, AKA Abigail Joy Gajonera, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-70608 <br><br> Agency No. A078-708-575 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Abigail J. Alfano, a native and citizen of the Philippines, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judges' order denying her application for a waiver of inadmissibility

under 8 U.S.C. § 1182(h).  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not err in denying Alfano's application for a waiver under 8 U.S.C. § 1182(h), where Alfano was not an arriving alien seeking admission in removal proceedings and was not eligible for adjustment of status. *See Mtoched v. Lynch*, 786 F.3d 1210, 1217-18 (9th Cir. 2015) (deferring to 8 C.F.R. § 1245.1(f), which limits a § 1182(h) waiver to those "applying or reapplying for a visa, for admission to the United States, or for adjustment of status," and deferring to the BIA's decision in *Matter of Rivas*, 26 I. & N. Dec. 130, 132-35 (BIA 2013), that a § 1182(h) waiver is not available on a "stand alone" basis for deportable aliens in removal proceedings).

Alfano contends that she should have been treated as an applicant for admission because she departed the United States and was granted admission upon re-entry, after she committed the offense that rendered her removable. This argument is without merit, where she had not yet been convicted and did not admit her offense at the time of her re-entry and, therefore, the Department of Homeland Security would have had no basis to charge her as inadmissible upon re-entry. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I) ("[A]ny alien convicted of, or who admits having

committed, or who admits committing acts which constitute the essential elements of . . . a crime involving moral turpitude . . . is inadmissible.").

As to her equal protection claim, Alfano has not adequately shown that Congress or the agency lacked a rational basis for limiting the availability of the "stand-alone" waiver to applicants for admission, as opposed to those seeking relief from removal after having been admitted. *See, e.g., Masnauskas v. Gonzales*, 432 F.3d 1067, 1071 (9th Cir. 2005) ("When challenged under equal protection, line-drawing decisions made by Congress or the President in the context of immigration and naturalization must be upheld if they are rationally related to a legitimate government purpose." (citation, quotation marks, and alterations omitted)).

Because the agency did not err in denying Alfano's waiver application, her contention that the denial of the waiver was a due process violation also fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000).

We lack jurisdiction over Alfano's unexhausted contention that the agency failed to comply with notice and comment rulemaking in promulgating 8 C.F.R. § 1245.1(f). *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

14-70608