**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLABIO DE JESUS D. FUENTES, AKA Flabio Fuentes,<br><br>  Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>  Respondent. | No. 13-71535<br><br>Agency No. A094-203-396<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Flabio de Jesus D. Fuentes, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

remand and dismissing his appeal from an immigration judge's order of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the

———————————————

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

denial of a motion to remand and review de novo questions of law. *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1061-62 (9th Cir. 2008). We deny the petition for review.

The BIA did not abuse its discretion in denying Fuentes' motion to remand for consideration of a waiver of inadmissibility under 8 U.S.C. § 1182(h), where the BIA properly concluded that Fuentes was ineligible for such a waiver. Contrary to Fuentes' contention, he is not eligible for a stand-alone § 1182(h) waiver because he was within the United States, not an applicant for admission, and he did not establish that he was eligible to file a concurrent application for adjustment of status. *See Mtoched v. Lynch*, 786 F.3d 1210, 1218 (9th Cir. 2015) (deferring to the BIA's decision in *Matter of Rivas*, 26 I. & N. Dec. 130, 132-35 (BIA 2013), that a § 1182(h) waiver "for an alien within the United States is available only in connection with an application for adjustment of status"); 8 U.S.C. § 1182(h); 8 C.F.R. § 1245.1(f).

Fuentes' contention that he was eligible for a nunc pro tunc stand-alone waiver because he entered the United States when already inadmissible is without merit. *See Mtoched*, 786 F.3d at 1218; *Matter of Rivas*, 26 I. & N. Dec. at 134-35 (expressly overruling BIA case law that permitted a stand-alone § 1182(h) waiver

to be granted nunc pro tunc for an alien who returns to the United States when inadmissible).

In light of this disposition, we do not reach Fuentes' remaining contentions.

We deny Fuentes' motion regarding a request for bond hearing as moot (Docket Entry No. 24).

**PETITION FOR REVIEW DENIED.**